T.C. Memo. 1998-290

UNITED STATES TAX COURT

MATTHEW AND JANICE LEONARD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17049-96.                    Filed August 6, 1998.

Matthew Leonard and Janice Leonard, pro sese.

<u>Bryan E. Sladek</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following
deficiencies in, additions to, and penalties on petitioners'
Federal income taxes:

Matthew Leonard:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651 | Sec. 6654 |
| 1990 | $2,097 | $524 | $137 |
| 1991 | 2,028 | 507 | 116 |

Janice Leonard:

| | | Additions to Tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651 | Sec. 6654 |
| 1990 | $436 | $109 | --- |
| 1991 | 791 | 198 | $45 |

Matthew and Janice Leonard:

| | | Penalty |
|---|---|---|
| Year | Deficiency | Sec. 6662(b)(1) |
| 1993 | $723 | $145 |
| 1994 | 5,054 | 1,011 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioners are liable for the deficiencies determined by respondent; (2) whether petitioners are liable for additions to tax for failing to file Federal income tax returns for 1990 and 1991; (3) whether petitioners are liable for additions to tax for failing to make estimated Federal income tax payments for 1990 and 1991; (4) whether petitioners are liable for accuracy-related penalties for 1993 and 1994; and (5) whether petitioners engaged in behavior that warrants the imposition of a penalty pursuant to section 6673(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are

incorporated herein by this reference. Petitioners Matthew and Janice Leonard, husband and wife, resided in West Sacramento, California, at the time they filed their petition.

During 1990, 1991, 1993, and 1994, Mr. Leonard worked as a firefighter, a welder, and a contractor. Customers paid for Mr. Leonard's services by checks made payable to "Republic Project (Federation)" (Republic) or other trusts[1] which allegedly constituted Republic.

Petitioners filed fiduciary income tax returns on Form 1041 for Republic for 1990, 1993, and 1994. For 1991, in lieu of a Form 1041, petitioners filed a document for Republic entitled "Beneficiaries Tax Report for 1992". Petitioners did not file individual Federal income tax returns for 1990 and 1991. Petitioners filed joint Federal income tax returns for 1993 and 1994. On these returns, petitioners reported income only from trustee's fees relating to Republic.

Respondent determined that Republic was a sham trust and the money paid to Republic is taxable income to petitioners.

Discussion

A fundamental principle of tax law is that income is taxed to the person who earns it. Commissioner v. Culbertson, 337 U.S. 733, 739-740 (1949); Lucas v. Earl, 281 U.S. 111 (1930). An assignment of income to a trust is ineffective to shift the tax

---

[1] We use the words "trust" and "trustee" for convenience only. Our use of these terms is not meant to indicate any conclusion about the substance of the transactions at issue.

burden from the taxpayer to a trust when the taxpayer controls the earning of the income. Vnuk v. Commissioner, 621 F.2d 1318, 1320 (8th Cir. 1980), affg. T.C. Memo. 1979-164.

The Commissioner is not required to apply the tax laws in accordance with the form a taxpayer employs where that form is a sham or inconsistent with economic reality. Higgins v. Smith, 308 U.S. 473, 477 (1940). Where an entity is created that has no real economic effect and which affects no cognizable economic relationships, the substance of a transaction involving this entity will control over its form. Zmuda v. Commissioner, 731 F.2d 1417, 1420-1421 (9th Cir. 1984), affg. 79 T.C. 714, 719 (1982); Markosian v. Commissioner, 73 T.C. 1235, 1241 (1980). These principles apply even though an entity may have been properly formed and have a separate existence under applicable local law. Zmuda v. Commissioner, 79 T.C. at 720.

Petitioners argue that Republic is a bona fide trust. They have not introduced any evidence, however, that rebuts respondent's determination that Republic is a sham. Accordingly, we hold that Republic shall not be respected as a trust for Federal income tax purposes, and the money paid to Republic is taxable income to petitioners. See Rule 142(a).

We must next determine whether this income, which is taxable wholly to petitioners, is community property income.[2] Under

_____

[2] Respondent, in the separate notices of deficiency sent to each petitioner in 1990 and 1991, determined: (1) That Mr.
(continued...)

California law, earned income of a spouse is community property income unless the spouses have an agreement to the contrary. Cal. Fam. Code sec. 760 (West 1994). Community property income is attributable 50 percent to each spouse. See Poe v. Seaborn, 282 U.S. 101 (1930). Petitioners have failed to produce any evidence that the income they earned (i.e., the money paid to Republic) was not community property income. We conclude that under California law this income must be allocated 50 percent to each petitioner.

Respondent determined that petitioners are liable for additions to tax under section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect. The taxpayer has the burden of proving the addition is improper.

---

[2](...continued)
Leonard earned, and is taxable on, 100 percent of the income reported as earned by "Republic Manufacturing", an alleged sub-entity of Republic; (2) that Mrs. Leonard earned, and is taxable on, 100 percent of the income reported as earned by "Lionheart Enterprises" and "Lionheart Horse Farms", alleged subentities of Republic; and (3) that 50 percent of the net income earned by each petitioner from Republic Manufacturing, Lionheart Enterprises, and Lionheart Horse Farms is taxable income to the nonearning spouse.

Respondent took these inconsistent positions to protect respondent's rights under California law because petitioners were uncooperative married nonfilers. On brief, however, respondent argues that all the earned income should be allocated 50 percent to each petitioner in accordance with California community property law.

Rule 142(a); <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985). Petitioners offered no credible evidence showing that they filed returns in 1990 and 1991 or that their failure to file was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioners are liable for the additions to tax under section 6651(a)(1).

Respondent also determined that petitioners are liable for additions to tax under section 6654 for failing to make estimated tax payments and penalties under section 6662(b)(1) for negligence or disregard of rules or regulations. Petitioners did not offer any evidence relating to these issues. Therefore, we hold that petitioners are liable for the additions to tax under section 6654 and penalties under section 6662(b). See Rule 142(a).

Finally, we consider whether petitioners have engaged in behavior that warrants the imposition of a penalty pursuant to section 6673. Section 6673(a)(1) authorizes this Court to penalize a taxpayer for taking frivolous positions or instituting proceedings primarily for delay. Petitioners received a warning that respondent would move for a penalty under section 6673. Petitioners filed numerous frivolous motions with the Court.[3] Their conduct throughout this proceeding has convinced us that they instituted and maintained this proceeding primarily for

---

[3] For example, petitioners filed a motion that was entitled "Petitioners Closing Motion for IRS to do something".

delay. Furthermore, petitioners devoted much of their briefs to shopworn arguments characteristic of the tax-protester rhetoric that has been universally rejected by this and other courts. We will not painstakingly address petitioners' assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Petitioners have wasted the time and resources of this Court. Accordingly, we shall impose a penalty of $1,000 pursuant to section 6673.

To reflect the foregoing,

Decision will be entered

under Rule 155.