Glenn CRAIN, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84–4268 Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1984.

Glenn Crain, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Sec., Tax Div., Dept. of Justice, Fred T. Goldberg, Jr., Chief Counsel, IRS, Gary R. Allen, Douglas G. Coulter, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Glenn Crain appeals from the dismissal of his Tax Court petition challenging the constitutional authority of that body and defying the jurisdiction of the Internal Revenue Service to levy taxes on his income. Crain asserts that he "is not subject to the jurisdiction, taxation, nor regulation of the state," that the "Internal Revenue Service, Incorporated" lacks authority to exercise the judicial power of the United States, that the Tax Court is unconstitutionally attempting to exercise Article III powers, and that jurisdiction over his person has never been affirmatively proven.

We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. The constitutionality of our income tax system—including the role

played within that system by the Internal Revenue Service and the Tax Court—has long been established. We affirm the dismissal of Crain's spurious "petition" and the assessment of a penalty imposed by the Tax Court for instituting a frivolous proceeding. 26 U.S.C. § 6673.

The government asks us to assess penalties against Crain for bringing this frivolous appeal, as is authorized by Fed.R. App.P. 38. In *Parker v. C.I.R.*, 724 F.2d 469, 472 (5th Cir.1984), we sounded "a cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years. The full range of sanctions in Rule 38 hereafter shall be summoned in response to a totally frivolous appeal."

We are sensitive to the need for the courts to remain open to all who seek in good faith to invoke the protection of law. An appeal that lacks merit is not always—or often—frivolous. However, we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority. Crain's present appeal is of this sort. It is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of "adjudicating" this meritless appeal.

Accordingly, we grant the government's request. The United States shall recover from appellant Crain twice its cost of this appeal. Additionally, we assess against Crain a damage award of $2000 in favor of the appellee United States.

AFFIRMED.