BRUCE AND ELAINE BUCHBINDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buchbinder v. Commissioner
Docket No. 8927-92
United States Tax Court
T.C. Memo 1994-7; 1994 Tax Ct. Memo LEXIS 11; 67 T.C.M. (CCH) 1934; 73 A.F.T.R.2d (RIA) 420; January 10, 1994, Filed *11 Decision will be entered for respondent. Bruce and Elaine Buchbinder, pro se. For respondent: James P. Thurston
DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined that petitioners are liable for an addition to tax under section 6659(a) for the year 1983 in the amount of $ 12,110.70. This case was calendared for trial at the May 17, 1993, trial session of the Court in San Francisco, California. On April 22, 1993, and on April 23, 1993, respectively, the Court received copies of petitioners' and respondent's trial memoranda. In her trial memorandum, respondent informed the Court that the $ 12,110.70 figures in the statutory notice of deficiency was incorrect and that the correct amount is $ 336.30. The only issue *12 for decision in this case, therefore, is whether petitioners are liable for an addition to tax under section 6659(a) for the year 1983 in the amount of $ 336.30. Petitioners were informed of this lesser amount by respondent as early as November 1992. From the parties' trial memoranda, we learn that sometime during 1983, petitioner Bruce Buchbinder (hereinafter petitioner) acquired a 10-percent profit and loss interest in a partnership known as Stookey Herd V Joint Venture (hereinafter the partnership). On December 28, 1983, Stookey Herd, Inc. transferred three Holstein cows to the partnership having an alleged value of $ 200,000 each. On its Federal partnership return for 1983, the partnership claimed an investment credit basis in the Holsteins of $ 600,000. Based upon petitioner's 10-percent profit and loss interest in the partnership, petitioners reported on their 1983 Federal income tax return a qualified investment basis, for the computation of the investment tax credit, in the amount of $ 60,000. They also claimed a loss from the partnership of $ 27,113. On April 7, 1988, respondent issued a Notice of Final Partnership Administrative Adjustment (FPAA) to Robert and Novine *13 Eggers, the tax matters partners of the partnership, which made adjustments to the partnership's ordinary income, losses, and credits for the years 1983, 1984, and 1985. In response to the FPAA, Mr. and Mrs. Eggers filed a petition with this Court, docket No. 22452-88, seeking a readjustment of partnership items under section 6226. On September 1, 1988, petitioners also filed a petition on behalf of the partnership as "partners other than the Tax Matters Partner." Petitioners' petition at docket No. 22680-88 was dismissed on December 5, 1988, for lack of jurisdiction. The partnership case at docket No. 22452-88 was settled and a decision was entered on February 14, 1991. As part of the decision, the partnership's reported Partnership Investment Credit Basis In Qualified Property of $ 600,000, relating to the Holsteins, was redetermined to be $ 196,313. Following the entry of the decision in the partnership's case at docket No. 22452-88, respondent, on February 11, 1992, issued a statutory notice of deficiency to petitioners determining an addition to tax under section 6659(a) for 1983 in the amount of $ 12,110. As we have noted, supra, respondent conceded before trial that *14 the correct amount of the section 6659(a) addition to tax is $ 336.30. In their trial memorandum, petitioners submit that the issues and/or questions presented in this case are as follows: ISSUES AND/OR QUESTIONS PRESENTED
1. Whether the gross income figure that forms the basis for the alleged deficiency determination herein is premised upon the Buchbinders' "money," and if so is the Buchbinders' "money" considered their "personal property?" California Government Code Sections 180, 54030 and California Evidence Code Section 180. California Evid. C. § 180
"Personal property" includes money, goods, chattels, things in action, and evidences of debt.
2. If the answer to question number 1 is yes, then does a tax premised upon the Buchbinders' "gross money" constitute a direct tax upon "personal property," and if so, because of the Buchbinders' citizenship status, is the imposition of such a tax, notwithstanding Amendment XVI, forbidden by Article I, Section 2, Clause 3 and Article I Section 9, Clause 4 of the United States Constitution unless applied by the rule of apportionment? A tax upon "real or personal property" is a direct tax and must be applied by the rule *15 of apportionment. Pollock v. Farmers Loan and Trust Co., 157 U.S. 429, 15 S. Ct. 673, reh. den., 158 U.S. 601, 15 S. Ct. 912 (1895); The Sixteenth Amendment did nothing to modify the express holding in Pollock, that a tax upon "real or personal property [sic] is a direct tax that must be imposed by the rule of apportionment. And the Sixteenth Amendment must be interpreted so as not to "repeal or modify" the original Articles of the Constitution. Brushaber v. Union Pacific Railroad company [sic], 240 U.S. 1, 36 S.Ct. 236 (1915) [sic]; Eisner v. Macomber, 252 U.S. 189, 206, 40 S.Ct. 189 (1920).
In deciding this matter must this Tax Court abide by the decisions of the United States Supreme Court, notwithstanding decisions of the Ninth Circuit Court of Appeals, or other Federal Appeals Court, that may be to the contrary?
In the following 21 pages of their trial memorandum, petitioners proceeded to present typical, discredited, tax-protester arguments, including: UNCONTROVERTED ISSUES OF FACT *16 A. Bruce & Elaine Buchbinder are natural born Citizens of one of the several States of the continental States United. As such natural born Citizens the Buchbinders enjoy a constitutionally guaranteed immunity from all direct taxes that are not applied by the rule of apportionment, and all indirect taxes that are not applied by the rule of uniformity. The taxes here in question are a graduated and progressive tax measured by income. These taxes are not applied by the rule of apportionment nor by the rule of uniformity, thus, they operate upon matters exterior to the borders of the continental states united, and the Buchbinders do not fall within the purview of these taxes.
Petitioners' tax protester arguments are nonsensical. When this case was called for trial, petitioner refused to address the issue of whether petitioners were liable for the section 6659(a) addition to tax. Petitioner insisted upon pursuing the inane rantings contained in petitioners' trial memorandum. We will not dress petitioners' frivolous tax-protester ramblings with a cloak of respectability. As was stated by the Fifth Circuit in Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984): *17 "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." The determination of respondent that petitioners owe an addition to tax under section 6659(a) in the amount of $ 336.30 for 1983 is sustained. Prior to the trial of this case, the Court had a joint telephone conference with the parties. During that conference call the Court admonished petitioner not to pursue at trial the frivolous tax protester arguments contained in petitioners' trial memorandum. When this case was called from the calendar at the trial session of the Court in San Francisco on May 17, 1993, the Court again admonished petitioner that he would be ill advised to pursue his tax protester arguments. He was given a copy of the Internal Revenue Code by the Court and was given sufficient time to acquaint himself with the provisions of section 6673; petitioner would not be deterred. We find that petitioners in this case have pursued a frivolous cause of action. We find that they are liable for a penalty in the amount of $ 250.00 under the provisions of section 6673. An appropriate order and *18 decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩