T.C. Memo. 1997-46

UNITED STATES TAX COURT

JEROME V. MANCEBO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23724-95.                    Filed January 27, 1997.

Jerome V. Mancebo, pro se.

<u>Richard W. Kennedy</u>, for respondent.


MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

---

[1]   Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies in Federal income taxes and additions to tax against petitioner for the years shown:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1991 | $2,284 | $340 | $ 73 |
| 1992 | 2,351 | 520 | 90 |
| 1993 | 2,426 | 607 | 101 |

The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to file Federal income tax returns and to report the following income for the years indicated:

|  | 1991 | 1992 | 1993 |
| U.S. Civil Service Retirement | $18,420 | $19,092 | $19,656 |
| Social Security | 1,818 | 1,884 | 1,944 |
| Interest income | 4 | 3 | 3 |

At the time the petition was filed, petitioner's legal residence was Sandy, Utah.

The sole issues for decision are whether the above amounts constitute gross income, and, if so, whether petitioner is liable for the additions to tax.

At trial, petitioner admitted that he did not file Federal income tax returns for the years 1991, 1992, and 1993. Petitioner admitted that, in prior years, he had filed income tax returns.

Petitioner retired in 1988 from the Federal Aviation Administration, an agency of the United States. Petitioner was an air traffic controller and had 32 years of Federal service.

Petitioner admitted receiving the amounts determined by respondent in the notice of deficiency but steadfastly maintained throughout the trial that these amounts did not constitute income and that he was not liable for any Federal income tax. At trial, he stated: "I just want it understood that I consider all this a fraud. The notice of deficiency, the whole thing, the filing of a form 1040, a return, a false assessment; it's all fraud, Your Honor."

In his petition, petitioner alleged that "The Commissioner is not authorized to use a notice of deficiency to collect a Qualified State Individual Income Tax which is treated, for deficiency purposes, as a Subtitle A tax pursuant to 26 CFR 1.6001-1." Petitioner did not elaborate on the meaning of this allegation, since the notice of deficiency relates to Federal income taxes, and there is no determination in the notice of deficiency that respondent is attempting to collect a State income tax. In a pretrial memorandum filed by respondent, respondent explains that petitioner contends he is a nonresident alien because he lives in the Utah Republic, not the United States. The Court takes that to indicate that petitioner believes that respondent is unlawfully attempting to collect

taxes for the Utah Republic, and that the United States is not a governmental entity. The argument of petitioner, whatever the rationale, is nonsensical. Petitioner presented no evidence at trial to refute the determinations in the notice of deficiency. To the contrary, petitioner admitted receiving the amounts characterized as taxable income in the notice of deficiency. The determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner's case is frivolous. All taxpayers with taxable income are generally required by law to file Federal income tax returns. Sec. 6012. Under sections 6651 and 7203, taxpayers who fail to file income tax returns may be subject to civil additions to the tax and prosecution for criminal offenses. Moreover, under section 6673(a), this Court may award a penalty in favor of the United States if any proceeding has been instituted or maintained in this Court for frivolous reasons or for purposes of delay. A valid notice of deficiency was issued by respondent to petitioner pursuant to section 6212. The Court finds no need to address the frivolous and nonsensical allegations and contentions of petitioner. To do so might suggest that petitioner's arguments have some colorable merit, which they do not. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Very

simply stated, petitioner has not established a case nor has he submitted any evidence to refute respondent's determinations. Respondent, therefore is sustained as to the deficiencies in tax and the additions to tax.

At trial, respondent orally moved for the award of a penalty under section 6673(a). The penalty under section 6673(a) is applicable whenever it appears to the Court that (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies. On this record, the Court concludes that this proceeding was instituted and maintained by petitioner primarily for delay, and that petitioner's position is frivolous and groundless. Under section 6673(a), the Court may require the taxpayer to pay to the United States a penalty not in excess of $25,000 in such circumstances. The Court holds that a penalty under section 6673(a) is warranted in this case. Respondent's oral motion is granted, and the amount of that penalty will be $1,500.

An appropriate order and decision will be entered for respondent.