T.C. Memo. 1998-137


UNITED STATES TAX COURT


DANIEL L. FA'ASAMALA AND YVETTE S. FA'ASAMALA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9220-97.                    Filed April 9, 1998.


Daniel L. Fa'Asamala and Yvette S. Fa'Asamala, pro sese.

Fred E. Green, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined that, for the taxable
year 1995, petitioners had a $10,603 income tax deficiency and a
$2,121 accuracy-related penalty under section 6662(a).[1]  The
issues remaining for our consideration are whether petitioners'

    [1] Section references are to the Internal Revenue Code in
effect for the period under consideration.  The sec. 6662(a)
accuracy-related penalty is no longer in dispute.

wages are income to them and whether they are entitled to a deduction or credit for the "marriage penalty".

FINDINGS OF FACT[2]

Petitioners resided in Oceanside, California, at the time their petition was filed. Neither petitioner has specialized knowledge of the law or taxation matters. Both petitioners were educated through the 12th grade. Petitioners were married in 1990, and from that time forward began filing joint Federal income tax returns. They noticed that their marital status resulted in the payment of more Federal income tax, collectively, than they had experienced when they were single and filed separately. This paradoxical situation upset petitioners, and they set out to understand the taxing statutes. They attended several lectures for which they had to pay fees, and they studied the Internal Revenue Code and related materials. Some of the lecturers were former Internal Revenue Service employees, and petitioners believed the other lecturers to be expert or knowledgeable in the field of taxation.

Petitioners reached the conclusion that they were entitled to a rebate of the extra tax they paid due to being married and that their wages are not taxable. Petitioners' 1995 joint Federal income tax return was in all pertinent respects complete in that it advised respondent of the information necessary to

---

[2] The parties' stipulation of facts and the information in the attached exhibits are incorporated by this reference.

compute petitioners' tax liability. All required information was supplied, including the attachment of petitioners' Forms W-2 reflecting the amount of wages and withholding tax, petitioners' marital and filing status, and the names and ages of their dependents. Petitioners, however, placed zero in each place provided for income items on the face of their Form 1040. Their resulting tax was also shown as zero, and they claimed a refund of the $7,819.21 in combined withholdings and an additional $20,000 shown as attributable to 1995 estimated tax payments.

Petitioners did not have any estimated tax payments, so respondent refunded most of the $7,819.21 to petitioners and credited the remainder to a prior year's outstanding tax liability. Petitioners also attached to their return several pages of material that they had prepared from the research and lecture handouts, explaining why they were not liable for tax. The $20,000 amount shown as estimated payment was explained by petitioners as the amount they had computed representing the extra tax they had paid since 1990 solely because they had become married.

## OPINION

We found petitioners to be forthright and honest in their testimony. It is also obvious that they were cooperative and responsive to respondent's agent's examination of their tax return and inquiries. Additionally, petitioners' concern about the "marriage penalty" is currently a matter which is being

considered by members of Congress. Marriage Tax Elimination Act, H.R. 2456, 105th Cong., 1st Sess. sec. 2 (1997); Marriage Penalty Relief Act, H.R. 2593, 105th Cong., 1st Sess. sec. 2 (1997). This does not change the fact that they are liable for the tax in accord with the current requirements of the law.

Petitioners' legal arguments regarding whether their wages are taxable income are principally founded on the reasoning that the term or concept of "income" is not defined in the Internal Revenue Code. Petitioners' arguments and reasoning ignore a substantial amount of case law developed by Federal courts at all levels that has interpreted the statutory wording provided by Congress. The volume of this case material is too extensive to be referenced here. In that regard, we are not obligated to exhaustively review and/or rebut petitioners' misguided contentions. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Petitioners' disagreement with the law belongs in another forum.

Petitioners' wages, as reported by them to respondent, and $14 of interest income reported to respondent by a third party

constitute income to them. Accordingly, respondent's determination of a $10,603 income tax deficiency for petitioners' 1995 taxable year is sustained.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent as to the income tax</u>

<u>deficiency.</u>