T.C. Memo. 1999-73


UNITED STATES TAX COURT


LAWRENCE W. WIRENIUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15414-97.                    Filed March 10, 1999.


Lawrence W. Wirenius, pro se.


<u>Louise Pais</u>, for respondent.


MEMORANDUM OPINION


NAMEROFF, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1994 in the amount of $6,317 plus additions to tax under section 6651(a)(1) in the amount of

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

$1,579.25 and section 6654(a) in the amount of $325.47. The issues for decision are: (1) Whether petitioner received and failed to report taxable income in the amount of $25,836; (2) whether petitioner is liable for self-employment tax in the amount of $3,651; (3) whether petitioner is liable for the delinquency addition to tax under section 6651(a)(1); and (4) whether petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654(a). Some of the facts have been stipulated, and the stipulation of facts is incorporated herein by reference. Petitioner resided in California at the time his petition was filed.

Prior to 1994, petitioner had been a carpenter working for various movie studios. Petitioner stopped working for a time because he was "burned out". In 1994, petitioner was hired by Clairmont Camera Inc. (Clairmont) to develop a "quiet camera" room. Clairmont submitted to the Internal Revenue Service a Form 1099-MISC for 1994 reflecting that it had paid petitioner $25,836.92 for 1994. The record reflects checks issued from Clairmont to petitioner totaling that amount in 1994. However, two of those checks, totaling $3,381.92, were issued by Clairmont for the reimbursement of materials used in the development of the quiet camera room.

In the notice of deficiency issued to petitioner on April 18, 1997, respondent determined that petitioner received income of $25,836. Respondent now concedes that petitioner's income for 1994 from Clairmont was only $22,455.

On a weekly basis, petitioner would submit an invoice to Clairmont for the amount of hours spent during the week on the development of the quiet camera room. These invoices were approved by an officer of Clairmont and paid. Clairmont did not withhold any income or Social Security tax from the payments to petitioner. Petitioner did not receive any employee benefits from Clairmont, such as annual leave, sick leave, or pension.

Petitioner did not file a Federal income tax return for 1994. Respondent's records also reflect that petitioner did not file a Federal income tax return for 1993. Petitioner testified and we find that petitioner did not have any income in 1993.

This case is basically a case involving a nonfiler who refuses to acknowledge liability under the Internal Revenue Code and who has asserted various tax protester arguments. However, petitioner did engage in discussions of the merits of the case with respondent, did enter into a stipulation of facts and supplemental stipulation of facts, and did testify under oath as to the merits of respondent's determination. We shall first address the issues which we do not categorize as tax protester issues.

1. <u>Gross Income</u> Petitioner worked for Clairmont during 1994 and received $25,836.92. Respondent admits that only $22,455 was compensation for labor. Petitioner also agrees that the $25,836.92 was not all compensation for his labor and that he did receive $22,455 as compensation for his labor. Compensation for labor is includable in a taxpayer's gross income. Sec. 61(a).

Accordingly, we hold that petitioner had gross income in 1994 of $22,455.

2. Self-employment Tax  Section 1401(a) imposes a tax on self-employment income for old-age, survivors, and disability insurance.  Section 1401(b) imposes an additional tax on self-employment income for hospital insurance.  Self-employment income is defined as the net earnings from self-employment derived by an individual during the taxable year.  Sec. 1402(b).  Net earnings from self-employment is the gross income derived by an individual from any trade or business carried on by such individual, less any deduction attributable thereto.  Sec. 1402(a).

Courts look to several factors to decide whether an employment relationship exists.  Among them are the following: (1) The degree of control exercised by the principal over the manner in which work is performed; (2) the individual's investment in the facilities used; (3) the individual's opportunity for profit or loss; (4) whether or not the principal has the right to discharge the individual; (5) the permanency of the relationship; (6) whether the work performed is an integral part of the principal's regular business; and (7) the relationship the parties believe they are creating.  United States v. Silk, 331 U.S. 704, 716 (1947); Simpson v. Commissioner, 64 T.C. 974, 984-985 (1975); sec. 31.3121(d)-1(c)(2), Employment Tax Regs.  These factors are not weighed equally, but must be evaluated according to their significance in

each particular case.  See <u>Aymes v. Bonelli</u>, 980 F.2d 857, 861 (2d Cir. 1992).

Based on the record, we conclude that petitioner was self-employed in 1994 and was not an employee of Clairmont.  It appears that petitioner, a carpenter, agreed to build a room for Clairmont and was to be paid on the basis of the amount of time he spent in building that room.  On a weekly basis, petitioner would submit invoices showing the number of hours he had worked, and Clairmont would pay the bill.  Clairmont did not deduct Federal or State income taxes or Social Security taxes. Petitioner received no employee benefits from Clairmont.  At the conclusion of the task for which petitioner was hired, petitioner no longer worked for Clairmont.  During the time petitioner worked for Clairmont, he was free to accept other jobs, even though the Clairmont job was time consuming.  Based upon this record, we conclude that petitioner was self-employed in 1994. Therefore, petitioner is liable for self-employment tax, which will be recomputed under Rule 155.[2]

3. <u>Addition to Tax for Delinquency</u>  Petitioner did not file a 1994 Federal income tax return.  His only reason for not filing the return was his own version of why he is not subject to the Internal Revenue Code.  Section 6651(a)(1) imposes an addition to

---

[2] In the notice of deficiency respondent allowed petitioner a deduction of one-half of the calculated self-employment tax. This amount will also have to be adjusted under Rule 155 in view of the modification of the amount of self-employment income petitioner received.

tax equal to 5 percent per month of the underpayment up to a maximum of 25 percent for untimely filed returns.  This addition to tax is not imposed if there was reasonable cause for the failure to file.  We hold that petitioner has not shown that there was reasonable cause for his failure to file a 1994 return and, therefore, he is liable for the addition to tax, which will be recomputed under Rule 155.

4. <u>Addition to Tax for Failure to Make Estimated Income Tax Payments</u>  Petitioner failed to make estimated income tax payments in 1994.  However petitioner did not earn income in 1993 and did not have any income tax liability for 1993.  Respondent agreed that if petitioner did not have any income tax liability for 1993, the exemption under section 6654(e)(2) would apply and petitioner would not be liable for this addition to tax.  Accordingly, we hold that petitioner is not liable for the addition to tax under section 6654(a).

5. <u>Tax Protester Arguments</u>

The bulk of this case--the bulk of the pleadings, stipulation of facts, supplemental stipulation of facts, and petitioner's testimony relates to petitioner's version of why he is not liable for income tax under the Internal Revenue Code.  We will not list petitioner's misguided arguments or attempt to refute them with copious citations, for to do so would grant them

a status they do not deserve.  Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984)  Petitioner's arguments are timeworn tax protester arguments which have been rejected by the courts often enough.

Petitioner states that he is not a tax protester and that he has researched each of these arguments.  Our answer to petitioner is that his research has never gone far enough.  He has never found the many cases which have held his arguments to be invalid. The short answer to petitioner's arguments is that he is not exempt from Federal income tax, and we so hold.

Section 6673 authorizes the Court to award a penalty to the United States not in excess of $25,000 whenever it appears to the Court that proceedings have been instituted or maintained by the taxpayer primarily for delay, the taxpayer's position in such proceedings is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies. The arguments that petitioner presented to exempt himself from tax liability are frivolous and groundless.

However respondent has not moved for an award under section 6673, and, in view of the petitioner's success with regard to several of the issues, we shall not impose this penalty at this time.  However, petitioner should be advised that if he raises these tax protester arguments in the future, the Court may

favorably consider a proper motion for imposition of a penalty under section 6673.

To reflect the above,

Decision will be entered under Rule 155.