T.C. Memo. 1999-217


UNITED STATES TAX COURT


SALLY-ANN NASH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19286-97.               Filed July 2, 1999.


Sally-Ann Nash, pro se.

Fred E. Green, Jr., for respondent.


MEMORANDUM OPINION

DINAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

_____

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1994 in the amount of $2,872, an addition to tax pursuant to section 6651(a)(1) in the amount of $718, and an addition to tax pursuant to section 6654(a) in the amount of $147.99.

The issues for decision are: (1) Whether petitioner has proved any error in respondent's determinations in the statutory notice of deficiency, and (2) whether we should, sua sponte, impose a penalty on petitioner pursuant to section 6673(a).

No stipulations of fact were filed in this case. Petitioner resided in Carson City, Nevada, on the date the petition was filed.

Petitioner worked as an appraiser during 1994. Respondent determined that the following entities paid petitioner the following amounts for her appraisal services during 1994:

| | |
|---|---|
| Real Estate Appraisers Office | $2,310 |
| First Nationwide Mortgage Corp. | 500 |
| Coast Federal Bank | 4,175 |
| First Nationwide Bank | 6,575 |
| Total | 13,560 |

Petitioner does not deny having received moneys from the above-mentioned entities for services performed during 1994.

Petitioner did not file a Federal income tax return for her 1994 taxable year. In a statutory notice of deficiency, respondent determined that petitioner received and failed to report nonemployee compensation during 1994 in the amount of

$13,560 which is includable in her gross income and subject to self-employment taxes. Respondent also determined that petitioner is liable for the section 6651(a)(1) addition to tax for failing to file her 1994 return and the section 6654(a) addition to tax for failing to make estimated tax payments during 1994.

Based on the record, we find that petitioner has failed to prove any error in respondent's determinations. See Rule 142(a). Petitioner submitted no evidence of the allegedly deductible items which she contends respondent failed to take into account in determining her tax liability. In addition, her selective research of the tax laws failed to reveal that her alleged lack of "taxable income" does not relieve her from filing a return. Petitioner was required to file a return for 1994 because her "gross income" exceeded the section 6012(a)(1)(A)(i) threshold.

We will not address any of petitioner's other objections to her liability for Federal income taxes as they consist primarily of classic discredited and rejected tax protester arguments. As was stated by the Court of Appeals for the Fifth Circuit: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

We hold that respondent's determinations of a deficiency in petitioner's Federal income tax for 1994 and additions to tax for 1994 pursuant to sections 6651(a)(1) and 6654(a) are sustained.

The second issue for decision is whether we should, sua sponte, impose a penalty on petitioner pursuant to section 6673(a).

Whenever it appears to this Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, the Court, in its discretion, may require the taxpayer to pay to the United States a penalty not in excess of $25,000. See sec. 6673(a)(1)(A) and (B). A position maintained by a taxpayer in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioner made numerous frivolous arguments in her trial memorandum and at trial. She has caused this Court to waste its limited resources on her erroneous views of the tax law while the resolution of other taxpayers' bona fide controversies with respondent were delayed. On the other hand, despite the lack of any merit in petitioner's arguments, respondent failed to make a motion to dismiss this case and proceeded to trial. Respondent also failed to make any motion for a penalty under section 6673.

We will impose a section 6673 penalty on petitioner in the amount of $750.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.