T.C. Summary Opinion 2001-39

UNITED STATES TAX COURT

HARRISON DWIGHT FOOS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 845-00S.                           Filed March 26, 2001.

Harrison Dwight Foos, pro se.

Charles J. Graves, for respondent.

DINAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the years in issue.

For the taxable years 1996 and 1997, respondent determined deficiencies in petitioner's Federal income taxes of $14,622 and $13,122, additions to tax under section 6651(a)(1) of $3,655.50 and $3,280.50, and additions to tax under section 6654 of $685.08 and $702.05.

The issues for decision are, with respect to taxable years 1996 and 1997: (1) Whether petitioner received unreported income in the amounts determined by respondent; (2) whether petitioner is liable for section 6651(a)(1) additions to tax for failure to file a return; and (3) whether petitioner is liable for section 6654(a) additions to tax for failure to pay estimated Federal income tax.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Inman, Kansas, on the date the petition was filed in this case. During the years in issue, petitioner was doing business as Foos Boiler Repair.

Petitioner did not file a Federal income tax return for either of the years 1996 or 1997. Respondent issued petitioner a statutory notice of deficiency for these years, calculating petitioner's tax liability (using the status of married filing separate returns) as follows:

|                               | 1996     | 1997     |
|-------------------------------|----------|----------|
| Self-employment income        | $43,603  | $43,603  |
| Interest income               | 28       | -0-      |
| DOI income                    | 6,343    | -0-      |
| Personal exemption            | (2,550)  | (2,650)  |
| Itemized deductions           | (4,830)  | -0-      |
| Standard deduction            | -0-      | (3,450)  |
| Self-employment tax deduction | (3,081)  | (3,081)  |
| Taxable income                | 39,513   | 34,422   |
|                               |          |          |
| Income tax                    | 8,461    | 6,961    |
| Self-employment tax           | 6,161    | 6,161    |
| Total tax                     | 14,622   | 13,122   |

In his petition, the sole disagreement with the notice of deficiency which petitioner set forth was in the form of the following statements: "For the year 1996, I have no proof that I owe $18,962.58 ($14,622.00 + $4,340.58 [interest plus additions to tax])" and "For the year 1997, I have no proof that I owe $17,104.55 ($13,122.00 + $3,982.55)."

At trial, petitioner filed several motions to dismiss, all of which were denied. In addition, prior to trial petitioner forwarded a letter dated August 12, 1998, to the Internal Revenue Service which was titled "Notice of Arbitrary and Capricious Acts, Abuse of Discretion, Criminal Trespass on Private Rights, and Acts in excess of Statutory Jurisdiction and Authority Limitations." These motions and the above-mentioned letter contain a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish" of a type often presented to this Court and which we need not address in detail again here.

Rogers v. Commissioner, T.C. Memo. 2001-20 (quoting Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984)).

The first issue for decision is whether petitioner received unreported income in the amounts determined by respondent. Gross income generally includes income from whatever source derived, including interest, gross income derived from business, and income from discharge of indebtedness (DOI). See sec. 61(a)(2), (4), (12). In addition to the tax imposed on income under section 1, self-employment income is subject to a self-employment income tax under section 1401. Self-employment income is defined generally as the gross income, less certain allowable deductions, derived by an individual from any trade or business carried on by such individual. See sec. 1402(a) and (b).

As noted above, petitioner made no specific assertions of error in the petition in this case. Furthermore, petitioner did not refute respondent's calculation of his tax liability for 1996 and 1997--specifically, respondent's determination that petitioner had unreported income in the stated amounts. On the contrary, petitioner stipulated and the evidence reflects the fact that he received from various sources payments of approximately $129,000 in 1996 and $107,000 in 1997. Petitioner refused to stipulate that he additionally received approximately $32,000 in 1996 and $17,000 in 1997, not because he denied

receiving income but because he could not recall the exact amounts he received from the additional sources.[1]

Because petitioner did not raise any of the items of unreported income as an issue in this case, and because he offered no evidence or arguments refuting respondent's determinations, we uphold respondent in this regard.

The second issue for decision is whether petitioner is liable for the section 6651(a)(1) additions to tax for failure to file a return for 1996 and 1997. Paragraph (1) of section 6651(a) imposes an addition to tax for failure to timely file a return. A taxpayer may avoid the addition to tax if he establishes that the failure to timely file is due to reasonable cause and not due to willful neglect. "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. See United States v. Boyle, 469 U.S. 241, 246 (1985). "Willful neglect" means a conscious, intentional failure or reckless indifference. See id. at 245.

---

[1]Although petitioner has not presented evidence of any expenses incurred in his business, he received a favorable allowance for expenses from respondent. Despite receipts of over $100,000 in each of the years in issue, respondent determined that petitioner had only $43,603 of self-employment income in each year. Respondent states in his trial memorandum that, due to an inability to establish amounts of expenses, respondent used the average of petitioner's self-employment income for taxable years 1990 through 1995 as the amount of petitioner's self-employment income in each of 1996 and 1997.

Petitioner admits that he did not file a Federal income tax return for taxable years 1996 and 1997, and he does not argue, and the record does not establish, that he acted with reasonable cause and not with willful neglect. We hold that petitioner is liable for the additions to tax under section 6651(a)(1).

The final issue for decision is whether petitioner is liable for the section 6654(a) additions to tax for failure to make estimated Federal income tax payments for 1996 and 1997. Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of the section 6654(a) addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute. See sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

No evidence in the record indicates petitioner made the required amount of estimated tax payments for taxable years 1995 and 1996, and petitioner does not argue, and the record does not indicate, that any of the statutory exceptions apply. We hold that petitioner is liable for the additions to tax under section 6654(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.