T.C. Memo. 2002-4

UNITED STATES TAX COURT

RICHARD E. MARKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4218-00.                      Filed January 8, 2002.

Richard E. Marks, pro se.

<u>Andrew J. Wyman</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax of $3,240, an addition to tax under section 6651(a)(1) of $162, and an accuracy-related penalty under section 6662(a) of $648, for the taxable year 1996.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the

year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner resided in Morro Bay, California, on the date the petition was filed in this case.

Petitioner untimely filed a Form 1040, U.S. Individual Income Tax Return, on October 20, 1997, for taxable year 1996. He reported $15,043 in business income, but did not include with the form a Schedule C, Profit or Loss From Business. He claimed no deductions, but stated on the return that he had zero taxable income. Attached to his return was a "Tax Analysis Statement" in which he made numerous arguments, primarily to the effect that there is no law causing him to be liable for Federal income taxes.

Respondent issued petitioner a statutory notice of deficiency, calculating his tax liability based upon his reported income as follows:

| | |
|---|---|
| Business income | $15,043 |
| Standard deduction | (4,000) |
| Personal exemption deduction | (2,550) |
| Self-employment tax deduction | (1,063) |
| Taxable income | 7,430 |
| | |
| Income tax | 1,114 |
| Self-employment income tax | 2,126 |
| Total tax liability (deficiency) | 3,240 |

Respondent also determined that petitioner was liable for the addition to tax and penalty noted above.

Petitioner filed a petition with this Court in which he provided the following statement as his disagreement with respondent's determinations in the notice of deficiency:

> (1) The District Director issued a Statutory Notice of Deficiency claiming petitioner had a tax liability without there being a statutorily procedural correct lawful tax assessment. (2) Attached to the Notice of Deficiency, IRS Form 4549A, income tax examination changes, line 11 states, "Total Corrected Tax Liability." Respondent has failed to provide the petitioners with the internal revenue code section or regulation that was used to calculate this total corrected tax liability. (3) The respondent has failed to provide the petitioners with certified assessment information as per Internal Revenue Regulation 301.6203-1. (4) Respondent has failed to identify the individual who will certify to the tax adjustments the determination was based on. Therefore, the deficiency is unenforceable as the determination was based on unfounded evidence. (5) There can be no meaningful administrative hearing until respondent provides petitioner with the above requested information, and until that time, petitioner will disagree with all of the adjustments.

The language of the petition is very similar to the language of the petitions in other cases before this Court in which petitioner was involved. Petitioner appeared before the Court in his capacity as officer of the corporate trustee of six trusts in six separate docketed cases. In our opinion in those cases, Funk v. Commissioner, T.C. Memo. 2000-169, we found that the petitions in those cases failed to comply with Rule 34(b)(4) and (5). Rule 34(b)(4) requires that the petition set forth "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Rule 34(b)(5) requires that the

petition set forth "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error".  We dismissed each of the cases involved in Funk v. Commissioner, supra, for failure to state a claim upon which relief could be granted.  In addition, we required each of the trusts to pay a section 6673(a)(1) penalty in the amount of $1,000.  Section 6673(a)(1) allows this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 where it appears to the Court either that a taxpayer has instituted or maintained a proceeding before the Court primarily for delay, or that the taxpayer's position in such a proceeding is frivolous or groundless.

In the present case, prior to trial petitioner moved to dismiss for lack of subject matter jurisdiction, and at trial he moved for summary judgment.  Both of these motions contained frivolous arguments and were denied.  Petitioner provided no factual evidence at trial, instead relying upon a reiteration of the frivolous arguments contained in the petition, motions, and other correspondence to the Court.  These frivolous arguments do little more than recite code sections and case law which are irrelevant, taken completely out of context, or are otherwise misapplied.  In this case, as in Funk v. Commissioner, supra, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that

these arguments have some colorable merit." <u>Id.</u> (quoting <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984), affg. an Order of this Court).

Petitioner has again failed to comply with Rule 34(b)(4) and (5) by failing to set forth in his petition any justiciable claim or facts related thereto. Neither were any such claims or facts raised or alleged at trial or at any other time in this proceeding. Petitioner introduced not one iota of credible evidence with respect to any factual issue relevant to ascertaining the tax liability in issue.[1] Furthermore, it is clear that petitioner has brought this frivolous case solely for purposes of delay and for the advancement of his personal views. We will therefore dismiss this case and enter a decision against petitioner under Rule 123(b). Rule 123(b) provides:

> For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.

---

[1] Because petitioner failed to introduce any credible evidence, he failed to meet the requirements of sec. 7491(a), as amended, so as to place the burden of proof on respondent with respect to any factual issue relevant to ascertaining liability for the tax deficiency in issue. As to the addition to tax and accuracy-related penalty, we find that respondent has satisfied his burden of production under sec. 7491(c) because the record shows that petitioner's return was filed late. <u>Higbee v. Commissioner</u>, 116 T.C. 438 (2001).

In addition, we exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $3,000.

To reflect the foregoing,

<u>An appropriate order will be issued, and a decision will be entered for respondent</u>.