# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2947

_____

John J. Sanderson,               *
                                   *
          Appellant,       *
                                     *   Appeal from the United States
     v.                           *   Tax Court.
                                     *
Commissioner of Internal Revenue,   *   [UNPUBLISHED]
                                     *
          Appellee.        *

_____

Submitted: August 3, 2007
Filed: August 15, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

John J. Sanderson appeals following the tax court's[1] dismissal of his petition for redetermination, and its denial of his motion for reconsideration. Sanderson filed the petition after receiving a notice of deficiency from the Internal Revenue Service for taxes and additions to tax for the years 2001 through 2003.

Sanderson's timely motion for reconsideration and timely appeal from the denial of that motion permit us to review the underlying dismissal order. See Nordvik v. Comm'r, 67 F.3d 1489, 1492-94 & nn.3-5 (9th Cir. 1995) (where taxpayers filed

_____

[1]The Honorable Peter J. Panuthos, United States Tax Court Judge.

notice of appeal 10 days after tax court denied their motion for reconsideration, but more than 90 days after entry of underlying order, appeal of underlying order was nevertheless deemed timely because motion for reconsideration terminated running of initial 90-day limitations period (citing United States v. Ibarra, 502 U.S. 1, 6-7 (1991) (per curiam); Robert Lewis Stevenson Apartments, Inc. v. Comm'r, 337 F.2d 681, 683 (8th Cir. 1964))).

Upon de novo review of the tax court's dismissal for failure to state a claim, we affirm because Sanderson's legal theories were patently frivolous and none of his allegations gave rise to a cognizable claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (complaint must plead enough facts to state claim for relief that is plausible); May v. Comm'r, 752 F.2d 1301, 1303-04 & n.3 (8th Cir. 1985) (affirming dismissal for failure to state claim because, even if all of taxpayer's allegations were assumed to be true, petition merely contained conclusory assertions attacking constitutionality of Internal Revenue Code and its applicability to taxpayer, all of which had long been rejected); Crain v. Comm'r, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam) (affirming dismissal of frivolous petition; noting lack of need to address frivolous arguments with extensive reasoning and citations to authority, because doing so might suggest arguments have colorable merit); cf. Am. Home Assurance Co. v. Pope, 487 F.3d 590, 604-05 (8th Cir. 2007) (district court's dismissal for failure to state claim is reviewed de novo).

Accordingly, the tax court's orders dismissing Sanderson's petition and denying his motion for reconsideration are affirmed. See 8th Cir. R. 47B.

_____