T.C. Memo. 2012-130

UNITED STATES TAX COURT

ROBERT LOUIS ALDERMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28696-10.                          Filed May 3, 2012.

Robert Louis Alderman, pro se.

Amy B. Ulmer, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge: The respondent, whom we refer to here as the IRS,

issued a notice of deficiency to the petitioner, Robert Louis Alderman, determining

a deficiency of $16,179 and an accuracy-related penalty under section 6662(a) of

$3,236 for the tax year 2008. Mr. Alderman filed a petition for redetermination

under section 6213(a) of the Internal Revenue Code. Unless otherwise noted, all references to sections are to the Internal Revenue Code as in effect for the tax year 2008. We have jurisdiction under section 6214.

We hold:

(1)    During 2008, Alderman received $39,735 of nonemployee compensation and $58 of interest that he failed to report on his tax return,

(2)    Alderman is liable for the accuracy-related penalty, and

(3)    Alderman is liable for a $4,000 penalty for maintaining frivolous arguments in this case.

## FINDINGS OF FACT

During 2008, Alderman operated a roofing-and-waterproofing business. He filed a Form 1040, U.S. Individual Income Tax Return, for that year. On the return, Alderman reported that he earned $390,365 in nonemployee compensation and zero interest. He reported a tax liability of $16,091.

The IRS issued the notice of deficiency on September 27, 2010. The IRS determined that Alderman had received $430,100 of nonemployee compensation and $58 of interest in 2008. The IRS determined that Alderman's unreported

nonemployee compensation was subject to both the income tax and the tax on self-employment income.

On December 20, 2010, Alderman submitted to the IRS an amended Form 1040 for 2008. On the amended Form 1040, Alderman reported income of $390,365, deductions from income of $302,155, "potential taxable income" of $88,210, and "IRC imposed taxes" of zero.

On December 23, 2010, Alderman filed a petition challenging the September 27, 2010 notice of deficiency. In his petition, he stated that he "could determine no specific tax liability within the code." He made some other frivolous arguments. Alderman was a resident of Idaho when he filed his petition.

On July 15, 2011, counsel for the IRS served Alderman a request for admissions under Tax Court Rule of Practice and Procedure 90. Alderman was requested to admit, among other things, that in 2008 he received compensation of $430,100 and interest of $58. Alderman did not respond to the request. He is thus deemed to have made all the requested admissions. See Tax Ct. R. Pract. & Proc. 90(c), (f).

The case was tried on October 3, 2011. Shortly after the trial, the IRS moved for the imposition of a penalty on Alderman under section 6673.

## OPINION

1. Deficiency in tax

It has been established through the deemed admissions that in 2008 Alderman received compensation income and interest income in the amounts that the IRS determined. He did not contest that the compensation income was self-employment income, i.e. nonemployee compensation.

Alderman's arguments that he is not liable for the tax are frivolous. See, e.g., Horowitz v. Commissioner, T.C. Memo. 2006-91 (citing section 1). They warrant no further discussion. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."). We sustain the IRS's determination as to Alderman's deficiency for 2008.

2. Accuracy-related penalty

Section 6662(a) and (b)(2) imposes an "accuracy-related penalty" of 20% of the portion of the underpayment of tax attributable to any substantial understatement of income tax. By definition, an understatement of income tax for an individual is substantial if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1). Under section 7491(c), the IRS bears the

burden of production and must produce sufficient evidence that the imposition of the penalty is appropriate in this case. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the IRS meets this burden, the taxpayer must come forward with persuasive evidence that the IRS's determination is incorrect. See Tax Ct. R. Pract. & Proc. 142(a); Higbee v. Commissioner, 116 T.C. at 447.

A taxpayer who is otherwise liable for the accuracy-related penalty may avoid the liability with respect to a portion of an underpayment if the taxpayer can show, under section 6664(c)(1), that the taxpayer had reasonable cause for that portion and that the taxpayer acted in good faith with respect to that portion. Section 1.6664-4(b)(1), Income Tax Regs., provides:

> The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. * * * Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. An isolated computational or transcriptional error generally is not inconsistent with reasonable cause and good faith. * * * Reliance on * * * professional advice * * * constitutes reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith. * * *

Whether the taxpayer acted with reasonable cause and in good faith thus depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the

proper tax liability, the taxpayer's knowledge and experience, and the extent to which the taxpayer relied on the advice of a tax professional. There are other defenses to the penalty: section 6662(d)(2)(B) provides that an understatement is reduced, first, where there is substantial authority for the taxpayer's treatment of any item giving rise to the understatement or, second, where the relevant facts affecting the item's treatment are adequately disclosed in the return and the taxpayer had a reasonable basis for the treatment of that item.

For his 2008 tax year, Alderman understated his tax liability by $16,179, an amount which is greater than both $5,000 and 10% of the amount required to be shown on his return, $32,270. Alderman has not invoked the reasonable-cause, substantial-authority, reasonable-basis defense. The record does not disclose any grounds for these defenses. Accordingly, we hold that Alderman is liable for the section 6662(a) penalty for 2008 because he substantially understated his income tax.

3. Section 6673 penalty

The IRS has moved for the imposition of a penalty under section 6673(a)(1), which authorizes this Court to require a taxpayer to pay the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in

such proceedings is frivolous or groundless.  Notwithstanding repeated warnings from IRS counsel that his arguments were frivolous and could warrant the imposition of a penalty under section 6673, Alderman lodged frivolous arguments with the Court before trial, during trial, and in his posttrial brief.  Pursuant to section 6673(a)(1) we shall require Alderman to pay to the United States a penalty of $4,000.

In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.