T.C. Memo. 2019-134

UNITED STATES TAX COURT

MICHAEL JAMES WELLS AND
LYNN ANITA KIRCHNER-WELLS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22852-17.                    Filed October 7, 2019.

Michael James Wells and Lynn Anita Kirchner-Wells, pro sese.

Thomas Lee Fenner, for respondent.

MEMORANDUM OPINION

PUGH, Judge:  This matter is before the Court on respondent's Motion for

Summary Judgment, filed July 15, 2019, pursuant to Rule 121.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax

(continued...)

[*2]   In a notice of deficiency dated September 2, 2017, respondent determined a deficiency of $104,029 in petitioners' 2014 Federal income tax and an accuracy-related penalty of $17,251 under section 6662(a) which respondent later conceded.

Background

Some of the facts were stipulated and are so found.  The stipulated facts are incorporated in our findings by this reference.  When the petition was filed, petitioners resided in Texas.

During the year in issue petitioner Michael James Wells worked for TransCanada, and petitioner Lynn Anita Kirchner-Wells worked for Hewlett-Packard.  Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 2014 that reported zero wages and zero income, claimed the standard deduction, and sought refunds for the full amounts of tax withheld from their paychecks.  Attached to their Form 1040 were Forms W-2, Wage and Tax Statement, from TransCanada and Hewlett-Packard which reflected the amounts of wages and tax withholding, corrected Forms 1099-DIV, Dividends and Distributions, and other documents.

---

[1](...continued)
Court Rules of Practice and Procedure.

**[*3]**   Petitioners also attached Forms 4852, Substitute for Form W-2, Wage and Tax Statement, indicating zero wages and the same amounts of tax withheld as was shown on each Form W-2.  Each Form 4852 included the following statement:

> I am a private-sector worker, not an "employee" as defined in IRC 3401(c) and IRC 3121.  I worked with a private-sector company, not a federal employer as defined in IRC 3401(d).  I did not engage in "trade or business" as defined in USC Section 7701(a)(26).
>
> \*       \*       \*       \*       \*       \*       \*
>
> Did not ask Payer to issue corrected forms listing my payments of "wages" as defined in IRC 3401(c) and IRC 3121 for fear of creating a conflicted work environment.  Line 7(e)(h)(i) reflect accurately withheld values submitted by Payer on W-2.

Respondent did not treat petitioners' Form 1040 as valid.  Instead, respondent froze their claimed refund and assessed a frivolous return penalty pursuant to section 6702(a) of $5,000 against each petitioner.  After this case was scheduled for trial, respondent timely filed a motion for summary judgment to which petitioners objected.

## Discussion

Summary judgment may be granted if there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(b).  Factual inferences are viewed in the light most favorable to the nonmoving party, and the moving party bears the burden of proving that there is no genuine dispute

**[\*4]** of material fact and that he is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). However, the nonmoving party "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); see Sundstrand Corp. v. Commissioner, 98 T.C. at 520. Petitioners do not dispute any material facts; rather, as in their prior case before us, Wells v. Commissioner, T.C. Memo. 2018-188, they make only frivolous legal arguments. In Wells we sustained respondent's determination of petitioners' income tax liability for 2013 and Mr. Wells' income tax liability for 2012. Therefore, summary adjudication is appropriate.

Gross income includes "all income from whatever source derived". Sec. 61(a). Payments that are "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion" are taxable as income unless an exclusion applies. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). Petitioners do not dispute that they received the wages, dividends, interest, and capital gains on which respondent's deficiency determination is based. Instead they argue that they are not liable for Federal income tax. As we explained in Wells v. Commissioner, at \*5 (and cases cited thereto), petitioners' assertions that they are not employees and their wages do not constitute taxable

**[\*5]** income are groundless and frivolous. Petitioners' objection illustrates why we do not try to refute their arguments with somber reasoning and copious citations as if their arguments possessed some colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). They are making the same arguments that we rejected in Wells, except that now they also argue that respondent was wrong to treat their 2014 return as frivolous. Petitioners have alleged no facts in their objections to respondent's motion for summary judgment or argued that any material facts are in dispute relating to respondent's determination of their tax liability. Therefore, respondent's deficiency determination will be sustained.

The Court may on its own determine whether to impose a penalty not to exceed $25,000 when it appears to the Court that a taxpayer's position is frivolous or groundless. Sec. 6673. We did not impose this penalty on petitioners in Wells v. Commissioner, at \*9, but cautioned them that if they persisted in making these or similar arguments in the future, the Court was likely to impose penalties of up to $25,000 under section 6673. They then had over nine months to reconsider their position in this case: We filed our opinion in Wells on November 8, 2018, respondent filed the motion for summary judgment in this case on July 15, 2019, and petitioners filed their response on August 15, 2019. They did prevail in Wells

**[*6]** on one issue--the accuracy-related penalty--but respondent conceded that issue in his pretrial memorandum filed on November 30, 2018. So the penalty was not at issue when they filed their response in this case in August. By then they knew the Court's position on their arguments, but they persisted in making them anyway. Because they persisted, we now will impose a penalty of $10,000. We again warn them that a higher penalty may be imposed should they continue to make these and similar arguments in the future.

We have examined all the materials in the record and construed facts most favorably for petitioners, and we conclude that there is no genuine dispute as to any material fact for trial in this case. Therefore, respondent's motion for summary judgment will be granted.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.