**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12962

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JAMES REEVES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:24-cv-00138-MTT

_____

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

The Government brought suit against James Reeves to reduce a tax assessment against him to judgment. The District Court granted the Government's motion for summary judgment in the

suit, denied Reeves's motion to dismiss, and denied Reeves's subsequent motion for reconsideration. We affirm.

## I.

From 2009 to 2012, Reeves was a partner of Envision Software LLC and received income for his role. Reeves did not make any estimated tax payments, file federal income tax returns, or make any payments toward his federal income tax liabilities during that period. The Internal Revenue Service ("IRS") eventually audited Reeves's tax liabilities for those years and issued a statutory notice of deficiency against Reeves in 2014. Reeves petitioned the U.S. Tax Court to challenge the notice, but the Court dismissed his case after Reeves failed to pay the filing fee.

In December 2015, the IRS assessed income taxes, interest, and penalties against Reeves for the relevant years, totaling $157,025.77. It issued notices and demands for payment, but Reeves did not comply. In May 2024, the Government brought this action in federal court to reduce to judgment Reeves's unpaid taxes, interest, and penalties, which, at that point, totaled $261,377.04. In his response, Reeves denied the existence of a proper tax assessment for the years in question and denied the existence of a federal statute and regulation requiring he file tax returns, giving the IRS authority to file and process tax returns, and assigning liability for taxes.

The Government filed a motion for summary judgment, arguing that Reeves put forward no evidence disputing the validity of the federal tax assessments against him and explaining that

Reeves now owed $275,289.58. Reeves objected to the Government's motion and filed his own motion to dismiss. The District Court eventually denied Reeves's motion and granted the Government's. Reeves subsequently filed a motion for reconsideration, which the District Court denied.[1]

Reeves timely appeals the grant of summary judgment to the Government.

## II.

We review de novo a district court's grant of summary judgment. *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006). Summary judgment is warranted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002).

Here, Reeves argues that the District Court's grant of summary judgment to the Government was improper because Congress did not create the IRS, the IRS is not a department or agency of the United States, the IRS is not authorized to process the Form 1040 tax form, and the IRS does not have authority to perfect liens or prosecute seizures in the United States. Reeves further asserts that no statute establishes income tax liability and that the Internal

---

[1] Reeves made arguments below concerning the statute of limitations, the Government's response to his Interrogatory 9, and a declaration filed by the Government. He makes no arguments about them on appeal, so we omit the facts related to them for simplicity.

Revenue Code was never enacted, has no implementing regulations, and does not apply to him. He states that he has not been notified to keep books or records of tax returns, that he is not liable for taxes, and that the Government has not entered a contract into the record. Finally, he argues that this case falls under admiralty or maritime jurisdiction, decisions from the Tax Court apply only to the parties involved and only for one year, the Sixteenth Amendment "is not referenced," and there is no "direct, un-apportioned tax on American citizens."[2]

We flatly reject these arguments. Our sister circuit put it succinctly:

> "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. The constitutionality of our income tax system—including the role played within that system by the Internal Revenue Service and the Tax Court—has long been established."

*Cain v. C.I.R.*, 737 F.2d 1417, 1417–18 (5th Cir. 1984).

Indeed, "we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of

---

[2] On appeal, Reeves also objects to the Government's response to Interrogatory 6. He made no argument about this Interrogatory below, so the argument is not preserved for appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Therefore, we do not consider it.

error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority." *Id.* at 1418. Reeves's appeal "is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The [G]overnment should not have been put to the trouble of responding to such spurious arguments, nor this [C]ourt to the trouble of 'adjudicating' this meritless appeal." *Id.*

### III.

There is no genuine dispute of material fact here, and the Government was entitled to judgment as a matter of law. We affirm the District Court's grant of summary judgment to the Government.

**AFFIRMED.**