T.C. Memo. 2001-217

UNITED STATES TAX COURT

PAULA M. OLSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13705-98.                    Filed August 13, 2001.

Paula M. Olsen, pro se.

<u>R. Craig Schneider</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  Respondent determined the
following deficiencies in Federal income taxes and additions to
tax against petitioner for the years shown:[1]

---

[1]     Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the years at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

|       |            | Additions to Tax | |
| Year  | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1994  | $3,361     | $ 616            | $123      |
| 1995  | 4,738      | 1,080            | 232       |
| 1996  | 1,504      | 331              | ---       |

The issues for decision are: (1) Whether petitioner, under section 61, is liable for Federal income taxes on income of $26,457, $31,759, and $15,937, respectively, for 1994, 1995, and 1996; (2) if so, whether petitioner is entitled to itemized deductions in excess of amounts conceded by respondent at trial; and (3) whether petitioner is liable for the additions to tax shown above.[2]

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Salt Lake City, Utah.

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for the years at issue. In lieu of a return, for the

---

[2] At trial, respondent conceded that petitioner's filing status was single rather than married filing separately as determined in the notice of deficiency, the effect of which reduces the deficiencies and additions to tax. In addition, the notice of deficiency allowed petitioner the standard deduction under sec. 63 in lieu of itemized deductions for each of the years at issue. At trial, respondent conceded petitioner's entitlement to itemized deductions for the years 1994 and 1995. As to this issue, the question is petitioner's entitlement to itemized deductions in excess of the amounts conceded by respondent. A decision will be necessary under Rule 155.

year 1994, petitioner filed with the Philadelphia, Pennsylvania, office of respondent a two-page document entitled "Statement", which included two copies of Form W-2, Wage and Tax Statement, relative to income payments to petitioner during 1994. The first page of the statement listed the income and Social Security taxes withheld, as to which, on the bottom line, petitioner identified that amount to be refunded. For the year 1995, petitioner filed with the Washington, D.C., office of respondent a six-page document captioned "Actual and Constructive Notice of Declaration". This document included copies of a Form SSA-1099-SM, Social Security Benefit Statement, evidencing Social Security benefits paid to petitioner during 1995, one Form W-2, and one Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit Sharing Plans, IRAs, Insurance Contracts, Etc., evidencing retirement benefits paid to petitioner. In this document, among other things, petitioner stated her citizenship to be that of the "Utah Republic", that the place and source of her income was "within the territorial jurisdiction of the government of Utah, 'without U.S.'", and that her "allegiance" was "to Utah, and the Republic for which it stands and is joined with". The document further included a denial that petitioner was a "U.S. resident living or working within any federal area, district, country, state, or land subject to the (imperial) taxation powers of the U.S." or that she had any "sources" of

income within the United States.  Predictably, respondent did not consider nor accept petitioner's filings for 1994 and 1995 as income tax returns.  For 1996, petitioner did not file anything with respondent with respect to her income tax for that year.  The notice of deficiency followed in due course.[3]  In her petition with this Court, petitioner's sole allegation is that "Taxes were timely filed with Philadelphia IRS as I was instructed by IRS to do.  IRS should go by tax forms that they originally accepted."  After the petition was filed and the case was assigned to one of respondent's Appeals officers, petitioner submitted unsigned Forms 1040 for the years 1994 and 1996, in which some of petitioner's income was listed.  The 1994 Form 1040 showed an overpayment of $502, and the 1996 Form 1040 showed a tax due of $1,091.[4]  The only apparent effects of the unsigned returns submitted were respondent's concessions regarding petitioner's filing status and her entitlement to itemized deductions for 2 of the years at issue.  See supra note 2.

Prior to trial, petitioner filed a Motion For Summary

---

[3]     The income adjustments in the notice of deficiency are based on information returns filed by payers, some of which were not included on the statements and declarations petitioner filed with respondent.

[4]     In respondent's trial memorandum, as well as in a posttrial memorandum, respondent refers to petitioner's submission of an unsigned Form 1040 for the year 1995.  Although the unsigned Forms 1040 for the years 1994 and 1996 were offered into evidence, no such Form 1040 was offered into evidence for 1995.

Judgment, claiming that she did not have a "taxable source of income"; therefore, she owed no Federal income taxes. Such arguments and positions have been raised before in countless numbers of cases and have been dismissed summarily as tax protester arguments. Petitioner's motion was denied. At trial, petitioner presented no evidence to dispute the income payments to her during the years in question, nor did she present any evidence to increase the itemized deductions conceded by respondent. Her sole position was to have the attorney for respondent removed from her case, and, in lieu of that, petitioner testified: "So then why don't we just do this: Let's make it very simple. Why don't you just rule against me and I'll take it to appeal and I'll get rid of him somewhere along the line there." No motions were filed by petitioner to have the attorney recused from the case. Following the trial, the Court ordered the parties to file memoranda. The memorandum filed by petitioner was another motion for summary judgment on the same grounds as the previous motion that was denied. This posttrial motion was also denied.

Petitioner's arguments, as outlined above in her "statement" and "declaration" in lieu of tax returns and in her two motions for summary judgment, are tax protester arguments that have been heard on numerous occasions by this Court, as well as other courts, and have been consistently rejected. The Court sees no

need to further respond to such arguments with somber reasoning and copious citations of precedent, as to do so might suggest that such arguments have some measure of colorable merit. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). In short, petitioner is a taxpayer subject to the income tax laws, and the payments she received during the years at issue constituted gross income subject to Federal income taxes. Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). Respondent is, therefore, sustained on this issue.

Section 6651(a)(1) provides for an addition to tax for a taxpayer's failure to file timely returns, unless the taxpayer can establish that such failure "is due to reasonable cause and not due to willful neglect". Petitioner's sole reason for filing "statements" and "declarations" with respondent in lieu of income tax returns was her stated disenchantment with the Internal Revenue Service because of collection actions taken against her and her husband several years earlier for income tax deficiencies arising out of their investment in a fraudulent tax shelter. Petitioner felt that these actions against her and her husband were unjustified when no punitive actions were taken against the promoters of the shelter. The Court does not view this position as a reasonable cause for the failure to file income tax returns and the failure to pay taxes. Section 6654 provides for an addition to tax "in the case of any underpayment of estimated tax

by an individual". There is no exception for relief based upon reasonable cause and lack of willful neglect. Subject to certain exceptions provided by statute, this addition to tax is otherwise automatic if the amounts of the withholdings and estimated tax payments do not equal statutorily designated amounts. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Petitioner's situation does not fall within any of these statutory exceptions. Respondent, therefore, is sustained on the sections 6651(a)(1) and 6654 additions to tax.

Finally, respondent moved for a penalty against petitioner under section 6673. Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty to the United States, in an amount not to exceed $25,000, whenever it appears that proceedings have been instituted or maintained by such taxpayer primarily for delay, or that the taxpayer's position in a proceeding is frivolous or groundless. A petition in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). At trial, petitioner acknowledged that she had filed income tax returns up to 1994. She had been employed for 23 years as a schoolteacher and was retired during the years at issue. She quite frankly testified at trial that her views on the Internal Revenue Service had "soured" after she and her husband were made

to pay tax deficiencies over a tax shelter that she viewed as fraudulent. Her actions in not filing proper tax returns were nothing more than acts of civil disobedience. Her pleadings, as noted above, were frivolous and consumed the time and efforts of this Court. Moreover, her testimony to the Court that the only relief she sought was the recusal of respondent's attorney evinced an intent to delay this proceeding and its ultimate conclusion. The Court holds that petitioner is liable for the penalty under section 6673 and imposes such penalty in the amount of $750.

Because of respondent's concessions,

Decision will be entered under Rule 155.