T.C. Memo. 2003-147


UNITED STATES TAX COURT


THOMAS V.F. STRUHAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6116-02L.                    Filed May 22, 2003.


Thomas V.F. Struhar, pro se.

<u>Mark D. Petersen</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


MARVEL, <u>Judge</u>:  Pursuant to section 6330(d), petitioner
seeks review of respondent's determination to proceed with the
collection of petitioner's 1997, 1998, and 1999 Federal income
tax liabilities.[1]

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue.

## FINDINGS OF FACT

Some of the facts have been stipulated. We incorporate the stipulated facts and accompanying exhibits into our findings by this reference. Petitioner resided in Milwaukee, Wisconsin, at the time of filing the petition.

Although petitioner filed his Federal income tax returns for 1997, 1998, and 1999,[2] petitioner failed to pay the amounts of tax shown as due for each year. Petitioner did not receive a notice of deficiency. On October 4, 1999, November 27, 2000, and December 11, 2000, respondent assessed the unpaid income tax shown on petitioner's returns as well as additions to tax and interest against petitioner and sent to petitioner notices of balance due for 1997, 1998, and 1999, respectively. Subsequently, from October 25, 1999, through April 16, 2001, respondent sent to petitioner additional notices of balance due and notices of intent to levy. Petitioner failed to make payments on the outstanding liabilities.

On August 11, 2001, respondent mailed to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing covering the taxable years 1997, 1998, and 1999. On August 20, 2001, petitioner timely submitted Form 12153, Request for a Collection Due Process Hearing, requesting a hearing under section 6330 (the hearing). During a telephone call on January

---

[2] Petitioner filed as "single" for all 3 years.

31, 2002, petitioner and Appeals Officer Isela H. Strong (Mrs. Strong) agreed upon February 7, 2002, as the date for the hearing. In a letter to petitioner dated February 1, 2002, Mrs. Strong confirmed the hearing date and enclosed Form 656, Offer in Compromise, and Form 433-A, Collection Information Statement for Individuals. Petitioner did not return the forms.

On February 7, 2002, petitioner attended the hearing. During the hearing, Mrs. Strong explained the purpose of the hearing, provided petitioner the opportunity to raise any relevant issues regarding his income tax liabilities, and asked petitioner whether he was interested in alternative collection methods. Petitioner argued that he did not owe taxes for 1997, 1998, and 1999 and refused to discuss alternative collection methods.

On February 28, 2002, the Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 in which it determined the following:

1. All legal and procedural requirements for the issuance of the Notice of Intent to Levy had been met.

2. Prior to the Appeals Officer's consideration of the issues raised by petitioner, the Appeals Officer had no previous involvement with respect to petitioner's 1997, 1998, and 1999 income tax liabilities.

3. None of the issues raised by petitioner were meritorious.

4. No spousal defenses applied because petitioner filed as "single".

5. The proposed levy action balanced the need for efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary and was appropriate under the circumstances.

Petitioner mailed a letter dated March 3, 2002, to this Court that this Court treated as a timely, but imperfect, petition appealing respondent's determination for 1997, 1998, and 1999. This Court then mailed petitioner an order requiring him to file a proper amended petition. On April 26, 2002, petitioner filed the amended petition.

In his original and amended petitions, petitioner alleged that he was denied a "fair and impartial hearing" under section 6330. Specifically, petitioner claimed that (1) he was denied the opportunity to "raise any relevant issue concerning the appropriateness of collection", in violation of section 6330(c)(2)(A)(ii), and (2) he was denied the opportunity to properly challenge the existence or amount of the underlying tax liability, in violation of section 6330(c)(2)(B). Additionally, in his amended petition, petitioner disputed the existence of his

income tax liabilities for 1997, 1998, and 1999.[3]

## OPINION

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. If the person makes a request for a hearing, a hearing shall be held by the Internal Revenue Service Office of Appeals. Sec. 6330(b)(1). At the hearing, a taxpayer may contest the existence and amount of the underlying tax liability if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed. In so doing, the Appeals Office is required to take into consideration the verification presented by the Secretary, the issues raised by the taxpayer, and whether the proposed collection action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the

---

[3]Petitioner also asserted in his amended petition that (1) Mrs. Strong had prior involvement with respect to his income tax liabilities, in violation of sec. 6330(b)(3), and (2) Mrs. Strong did not obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met, in violation of sec. 6330(c)(1). Petitioner later conceded these allegations at trial.

intrusiveness of the proposed collection action.  Sec.
6330(c)(3).  The taxpayer may petition the Tax Court or, in
limited cases, a Federal District Court for judicial review of
the Appeals Office's determination.  Sec. 6330(d).

If the taxpayer files a timely petition for judicial review,
the applicable standard of review depends on whether the
underlying tax liability is at issue.  Where the underlying tax
liability is properly at issue, the Court reviews any
determination regarding the underlying tax liability de novo.
Sego v. Commissioner, supra at 610.  The Court reviews any other
administrative determination regarding the proposed levy action
for abuse of discretion.  Id.

With respect to petitioner's 1997, 1998, and 1999 income tax
liabilities, petitioner did not receive a notice of deficiency.
We assume arguendo that petitioner's underlying tax liabilities
are properly at issue, and we review his challenge to the
underlying tax liabilities de novo.  See Horn v. Commissioner,
T.C. Memo. 2002-207.

A.  Petitioner's Challenge to the Underlying Tax Liabilities

Petitioner contends that he is not subject to Federal income
taxes for the taxable years 1997, 1998, and 1999.  In support of
his position, petitioner advances only frivolous[4] arguments.  We

---

[4]Petitioner's arguments included the following:

(continued...)

will not address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).  We conclude that petitioner is liable for the 1997, 1998, and 1999 underlying tax liabilities.

B.  <u>Petitioner's Challenge to Respondent's Determination To Proceed With the Collection Action</u>

Petitioner asserts that he did not receive a fair hearing and that respondent's decision to proceed with collection of his 1997, 1998, and 1999 income tax liabilities was an abuse of discretion.  Petitioner contends that Mrs. Strong did not permit him to challenge the appropriateness of the collection action or the existence of the underlying tax liabilities.  According to petitioner, Mrs. Strong repeatedly interrupted him during the

---

[4](...continued)

(1) Former President Bill Clinton made a "presidential campaign promise" that for people who "make $25,000.00 a year or less, no taxes at all".  If respondent can collect taxes from petitioner, a taxpayer who made less than $25,000 during the years 1997, 1998, and 1999, then President Clinton's campaign promise was "vote fraud * * * making [his] presidency a fraud."  Petitioner based this argument in part on a newspaper article in the Milwaukee Journal Sentinel about a Texas mail fraud case that arose out of the 2000 presidential election.

(2) Respondent owes petitioner at least $5,000 for reporting suspected tax criminals.

(3) The IRS has stalked petitioner, "illegally [viewed] into [petitioner's] apartment", and is part of a "United States Government conspiracy" against petitioner that has caused petitioner to experience "criminal harassment and criminal humiliation".

hearing and then abruptly terminated the hearing before petitioner could present his arguments. Petitioner also contends that during their January 31, 2002, telephone call, Mrs. Strong told petitioner that the only matter she would discuss with petitioner at the hearing would be "payment" of his income tax liabilities.

After listening to Mrs. Strong's testimony at trial and reviewing petitioner's tape recording of the hearing, we disagree with petitioner's characterization of the hearing. Throughout the hearing, Mrs. Strong made several patient attempts to keep petitioner focused and invited petitioner to raise issues relevant to his income tax liabilities. When petitioner eventually digressed into frivolous[5] challenges to the underlying tax liabilities, Mrs. Strong concluded the hearing. Petitioner had a fair opportunity to fully address all relevant issues pursuant to section 6330(c)(2) and failed to take advantage of it.

Petitioner has failed to demonstrate that the proposed levy action is inappropriate, another collection alternative is more appropriate, or some other relevant issue adversely affects respondent's proposed collection activity. We therefore conclude that respondent's determination to proceed by levy with the collection of petitioner's 1997, 1998, and 1999 income tax

---

[5]See supra note 4.

liabilities was not an abuse of discretion.

C.  Section 6673 Penalty

Section 6673(a) authorizes this Court to impose a penalty not in excess of $25,000 on any taxpayer who institutes or maintains proceedings in this Court primarily for delay, asserts a position in such proceeding that is frivolous or groundless, or unreasonably fails to pursue administrative remedies.  It does not appear from the record in this case that respondent warned petitioner about section 6673 during the course of these proceedings, and respondent does not request that we impose a section 6673 penalty.  However, we caution petitioner that his arguments in this case were frivolous and that any reliance upon those arguments in future tax disputes may result in the imposition of the section 6673 penalty.

We have considered the remaining arguments of both parties for results contrary to those expressed herein and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.