T.C. Memo. 2003-202

UNITED STATES TAX COURT

JAMES R. CICIORA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10100-02.                    Filed July 10, 2003.

James R. Ciciora, pro se.

<u>J. Craig Young</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax of $1,665 for the
taxable year 1999.  Respondent, by an amendment to answer to
amended petition, seeks an increased deficiency totaling $8,950.
Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue, and all

Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether the income petitioner earned during 1999 is subject to Federal income taxation; and (2) whether the deficiency determined in the statutory notice of deficiency may be increased. Petitioner resided in Fayetteville, North Carolina, on the date the petition was filed in this case.

For taxable year 1999, petitioner submitted to the Internal Revenue Service a Form 1040A, U.S. Individual Income Tax Return. On this form, petitioner entered zeroes on the lines provided for the amounts of income, deductions, and taxes due, but he claimed an overpayment of $3,011 from withholding on certain wages he earned. Attached to this form were four Forms W-2, Wage and Tax Statement, reflecting total taxable wages of $32,296. There also was attached one Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc. This form reflected a taxable distribution of $13,123. None of this income was reflected on the face of the Form 1040A. Respondent asserts that petitioner also received--in addition to the amounts reflected on the attachments to the Form 1040A--wage income of $1,000 and self-employment income totaling $3,156. Taking into account each of these items of income,

respondent calculates petitioner's total tax liability as follows:

| | |
|---|---|
| Wage and pension income | $46,419 |
| Self-employment income | 3,156 |
| Standard deduction | (4,300) |
| Personal exemption deduction | (2,750) |
| Self-employment income tax deduction | (223) |
| Taxable income | 42,302 |
| | |
| Income tax | 8,504 |
| Self-employment income tax | 446 |
| Total tax liability | 8,950 |

Petitioner admits that he received all of the income underlying this calculation.

In petitioner's pleadings and at trial, petitioner makes numerous assertions based upon frivolous arguments which do little more than recite law which is irrelevant, taken completely out of context, or otherwise misapplied. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). Furthermore, petitioner's arguments are essentially political in nature. This Court is not the proper place for these arguments. The function of this Court is to accurately and justly apply the laws as they were written by Congress.

After reviewing respondent's calculation of petitioner's tax liability, detailed above, we conclude that this calculation has been made in accordance with the provisions of the Internal Revenue Code, and that the amounts of income tax and self-

employment income tax are the correct amounts imposed by section 1 and section 1401, respectively, on this income.

Respondent seeks to increase the deficiency above which was determined in the notice of deficiency. Respondent bears the burden of proof with respect to an increased deficiency. Rule 142(a). However, due to petitioner's admissions concerning his receipt of the income, there are no factual issues remaining with respect to which respondent must meet this burden.

Respondent explains the increased deficiency as follows: Prior to the issuance of the notice of deficiency, respondent assessed taxes of $7,398 against petitioner for 1999. This assessment was made in the form of an assessment due to a "mathematical or clerical error" under the authority of section 6213(b)(1). The amount of the assessment was based upon the amounts of income shown on the Forms W-2 and Form 1099-R attached to petitioner's Form 1040A. After this assessment, respondent issued petitioner the notice of deficiency underlying this case, with respect to the additional income which had not been reflected in the initial assessment. The total of the amounts of the initial assessment, $7,398, and the deficiency in the notice, $1,665, is $9,063. The total deficiency now sought by respondent is $8,950. The discrepancy results from respondent's erroneous classification of $1,000 of income as self-employment income in the notice of deficiency. This error, which reduces the

deficiency reflected in the notice from $1,665 to $1,552, has been corrected in the final calculation detailed above. Respondent now asserts that the initial $7,398 assessment should be abated and seeks to have the amounts of income reflected in the initial assessment included in the redetermination of petitioner's deficiency.

This Court is a court of limited jurisdiction, in that this Court possesses only the adjudicatory powers that Congress has conferred upon it. Naftel v. Commissioner, 85 T.C. 527 (1985). As is relevant to the present case, the adjudicatory power of this Court encompasses the redetermination of deficiencies determined in statutory notices of deficiency. Sec. 6214(a). A deficiency is defined generally as follows:

> SEC. 6211(a). In General.--For purposes of this title * * * the term "deficiency" means the amount by which the tax imposed * * * exceeds * * * --
>
> (1) the sum of
>
> (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
>
> (B) the amounts previously assessed (or collected without assessment) as a deficiency * * *

The amount of a deficiency is determined without regard to the amount of taxes withheld on a taxpayer's income. Sec. 6211(a), (b)(1). However, the amount of withheld taxes and any other

payments made by a taxpayer are taken into account in the Court's determination of any overpayment under section 6512(b).

A deficiency of income tax generally must be assessed pursuant to the deficiency procedures prescribed under sections 6211 through 6215. However, where a "mathematical or clerical error" appears on a return, upon proper notification to the taxpayer the amount of tax due which results from such an error may be assessed summarily. Sec. 6213(b)(1). The normal deficiency procedures must be followed for an assessment of this amount where a taxpayer requests an abatement of the assessment within the prescribed period of time. Sec. 6213(b)(2)(A).

Generally, where an amount is assessed as being due to a mathematical or clerical error under section 6213(b)(1), such amount is subtracted from a taxpayer's correct total tax liability in the calculation of the amount of a deficiency under section 6211(a). Sec. 6211(a)(1)(B); <u>Heasley v. Commissioner</u>, 45 T.C. 448, 458 (1966). Nevertheless, where an amount has been assessed under section 6213(b)(1), but is abated after the taxpayer petitions this Court with respect to a deficiency for the same taxable year, this Court may redetermine a deficiency which includes the amount of the abated assessment. <u>Burford v. Commissioner</u>, T.C. Memo. 1984-466, affd. without published opinion 813 F.2d 400 (4th Cir. 1986). This Court's jurisdiction to redetermine a deficiency entails a redetermination of the

correct amount of the deficiency as of the date a decision is entered by the Court; the entire deficiency need not have existed at the time the notice of deficiency was mailed.  <u>Id.</u>  Thus, a computation under Rule 155 will be necessary in this case to calculate the correct amount of the remaining deficiency with respect to petitioner's overall tax liability of $8,950, taking into account any abatement by respondent.  If an abatement has not been made by respondent with respect to the prior assessment of $7,398, however, the amount of the deficiency cannot exceed petitioner's total tax liability less the amount of this assessment.  Sec. 6211(a)(1)(B); <u>Heasley v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.