T.C. Summary Opinion 2005-6

UNITED STATES TAX COURT

WILLIAM PAUL BENEDETTI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 527-04S.                    Filed January 10, 2005.

William Paul Benedetti, pro se.

Louis H. Hill, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,426 in petitioner's Federal income tax for 2002 and an addition to tax under section

--------

[1]   Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

6651(a)(1) in the amount of $121.60.  At trial, respondent orally moved for imposition of the penalty under section 6673(a).

The issues for decision are:  (1) Whether petitioner is liable for Federal income taxes on compensation he received from his employer for services he performed as an employee as well as for income taxes on interest income; (2) whether petitioner is liable for the section 6651(a)(1) addition to tax; and (3) whether petitioner is liable for the section 6673(a) penalty.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference.  At the time the petition was filed, petitioner was a legal resident of Columbus, Ohio.

Petitioner was an employee of Ohio State University at Columbus, Ohio.  He worked in the university's Office of Environmental Health and Safety in the radiation safety section.  Petitioner's responsibility was to see that the various laboratories on the campus of Ohio State University adhered to Federal and State regulations affecting the use of radioactive material.  Petitioner had done this work for 10 years at the time of trial.  Prior to that, petitioner was a student at Ohio State University and had worked part time in the Office of Environmental Health and Safety for 2 years.  Petitioner has a bachelor's degree in physics.

For the year 2002, petitioner was paid $25,519 by Ohio State University as compensation for his services as an employee. In addition, petitioner earned interest income of $380. This amount included $24 in interest paid to him by the U.S. Treasury for the delayed refund of his claimed overpayment of income taxes for the year 2001. Petitioner does not dispute the income amounts determined by respondent.

Petitioner's 2002 Federal income tax return consisted of Form 1040, U.S. Individual Income Tax Return, on which he claimed a filing status of single and claimed only himself as an exemption. However, on the lines of the return for the reporting of income, petitioner entered zeros, thus reporting zero income, and a zero tax liability. On that portion of the return regarding prepayments of tax, petitioner correctly entered the total income tax withholdings by his employer and thus claimed a refund for this amount, $1,818.80. The return was not processed as an income tax return by the Internal Revenue Service. At trial, petitioner testified that he filed a similar return for the prior year, 2001, and, because his refund of prepaid tax was delayed, the U.S. Treasury paid petitioner his refund, plus an additional $24 as interest. That interest is included as one of the income adjustments for the year 2002. Petitioner denies that he owes any income tax on his 2002 income. He argued, at trial, that wages are "property" and do not constitute gross income for

tax purposes.  His argument was disjointed, as reflected in his testimony at trial:

> It is that wages have been found to be property by courts. Property, in order to tax that, that would be in effect servitude of the taxpayer, making them, basically taking -- I don't know how to phrase it exactly, but * * *.  Well, wages are not included in what is commonly called gross income in the Tax Code.  In fact, as property, it would be taxable as ordinary income under the Tax Code, which the only ordinary income which is taxed is real estate.  So, therefore, there is no actual tax put on wages as property.

When the Court pointed out to petitioner that section 61(a)(1) defines gross income to mean all income from whatever source derived including, but not limited to, compensation for services, his response was that the compensation he received as an employee "would be corporate services".  Petitioner agreed that he was not a corporation:  "my position is that the income tax is on corporations and not on individuals.  When it refers to compensation for services, it's referring to services rendered by a corporation."  The Court rejects that reasoning.

Petitioner's argument is completely lacking in factual and legal foundation and constitutes a textbook case of a protest of the Federal tax laws.  Such protester arguments have been heard on numerous occasions by this Court, as well as other courts, and have been consistently rejected.  The Court sees no need to further respond to petitioner's arguments with somber reasoning and copious citations of precedent, as to do so might suggest

that his argument possesses some degree of colorable merit. See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). In short, petitioner is a taxpayer subject to the income tax laws, and he is liable for income tax on the compensation and other income paid to him during the year in question. His argument is rejected.

The second issue is whether petitioner is liable for the addition to tax under section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file timely returns, unless the taxpayer can establish that such failure "is due to reasonable cause and not due to willful neglect". As noted earlier, petitioner's return was not processed as a return by respondent. The purported return listed only zeros as income. There are a host of cases where returns that showed no income have been held not to be "returns", and the penalty for failure to file was imposed. Turner v. Commissioner, T.C. Memo. 2004-251; Halcott v. Commissioner, T.C. Memo. 2004-214; Green v. Commissioner, T.C. Memo. 1992-49; Howell v. Commissioner, T.C. Memo. 1981-631. Where a purported return does not contain any information upon which the tax can be computed, the submitted form does not constitute a return. Turk v. Commissioner, T.C. Memo. 1991-198. Respondent, therefore, is sustained on the addition to tax under section 6651(a)(1).

At trial, respondent orally moved for imposition of the penalty against petitioner under section 6673. Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty to the United States, in an amount not to exceed $25,000, whenever it appears that proceedings have been instituted or maintained by such taxpayer primarily for delay, or that the taxpayer's position in a proceeding is frivolous or groundless. A petition in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner was cautioned by the Court at trial that his argument was frivolous and had no merit. Accordingly, the Court grants respondent's oral motion and imposes a penalty of $750 against petitioner under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

An appropriate Order and Decision will be entered for respondent.