T.C. Memo. 2006-73

UNITED STATES TAX COURT

CHARLES E. LEWIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16316-04.          Filed April 12, 2006.

Charles E. Lewis, pro se.

<u>Nancy E. Hooten</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for 2002 and additions to tax under sections 6651(a)(1) and (2) and 6654(a).[1]  After

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

concessions,[2] the issues for decision are: (1) Whether petitioner has a deficiency of $12,899 in his 2002 Federal income tax; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1); (3) whether petitioner is liable for an addition to tax under section 6654(a); and (4) whether the Court should impose a penalty against petitioner under section 6673(a).

### FINDINGS OF FACT

Some of the facts have been deemed stipulated pursuant to Rule 91(f) and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Atlanta, Georgia.

During 2002, petitioner received wage income of $7,371 from Hartford Life Insurance Co. Also during 2002, petitioner received interest income from the following sources: (1) $11,341 from TIAA-CREF; (2) $126 from US Federal Credit Union; (3) $847 from Minnesota Life Insurance Co.; and (4) $1 from NWA Federal Credit Union.

During 2002, petitioner requested and received early retirement plan distributions of $1,091 and $34,908 from State Street Retiree Services for Northwest Airlines Corp. Employees (State Street Retiree Services). State Street Retiree Services

---

[2] Respondent concedes petitioner is not liable for an addition to tax under sec. 6651(a)(2).

issued Forms 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, Etc., to petitioner reflecting these early distributions. Petitioner had not reached the age of 59-1/2 and was not disabled at the time the distributions were made. The distributions were not part of a series of substantially equal periodic payments and were not used to correct excess deferrals, excess contributions, or excess aggregate contributions. The distributions were not made to petitioner after separation from service after the age of 55 or pursuant to a qualified domestic relations order. Petitioner did not use the distributions to pay for health insurance premiums or medical expenses.

Petitioner did not file a Federal income tax return for 2002. On April 29, 2004, respondent prepared a substitute for return for petitioner.

On June 8, 2004, respondent mailed a notice of deficiency to petitioner. Respondent determined a deficiency in petitioner's 2002 Federal income tax of $12,899. Of that amount, $3,600 is attributable to a 10-percent additional tax on petitioner's early retirement plan distributions. Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) of either $3,513 or $2,725.[3] Respondent further

_____

[3] In the notice of deficiency, the addition to tax under sec. 6651(a)(1) appears as both $3,513 and $2,725. Because
(continued...)

determined that petitioner is liable for an addition to tax under section 6654(a) of $431.

On September 7, 2004, petitioner filed his petition with this Court contesting respondent's determinations reflected in the notice of deficiency.

OPINION

A.  Petitioner's Federal Income Tax Deficiency

Respondent determined a deficiency of $12,899 in petitioner's 2002 Federal income tax.  Petitioner bears the burden of proving respondent erred in making this determination. See Rule 142(a).

Throughout these proceedings, petitioner has presented tax-protester arguments, including:  (1) He is not a taxpayer; (2) respondent has no jurisdiction over him; (3) respondent lacks authority to assert income tax deficiencies; (4) respondent failed to provide him with the "most basic 'DUE PROCESS' protections as provided by both Federal (4th, 5th, 6th and 7th Amendments) and State Constitutions."  Petitioner's assertions have been rejected by this Court and other courts, and "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that

---

³(...continued)
respondent has conceded that petitioner is not liable for an addition to tax under sec. 6651(a)(2), the correct amount of the addition to tax under sec. 6651(a)(1) should be 25 percent of the deficiency, or $3,225.  See infra p. 6.

these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984); see, e.g., <u>Wetzel v. Commissioner</u>, T.C. Memo. 2005-211 (rejecting as frivolous the argument that the taxpayer was not a taxpayer); <u>Nunn v. Commissioner</u>, T.C. Memo. 2002-250 (rejecting as without merit the argument that the Commissioner had no jurisdiction over the taxpayer or his documents). We reject petitioner's tax-protester arguments as frivolous and without merit.[4]

Under Rule 91(f), it was deemed stipulated that petitioner received $7,371 of wage income, $12,315 of interest income, and $35,999 from early retirement plan distributions. It was further stipulated that petitioner did not meet any of the exceptions to the 10-percent additional tax imposed by section 72(t) on the early distributions. Petitioner has presented no evidence that indicates respondent's determination is incorrect. Therefore, we hold that petitioner has a Federal income tax deficiency of $12,899 for 2002.

---

[4] Petitioner also argued that he was "improperly denied a collections due process hearing". This argument likewise has no merit. Petitioner filed his petition in response to the notice of deficiency, and respondent has not taken any collection action. Thus, petitioner is not entitled to a collection hearing at this point. See secs. 6320, 6330.

B.    Additions to Tax

   1.    Burdens of Production and Proof

Respondent bears the burden of production with respect to petitioner's liability for the additions to tax.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the additions to tax.  See Higbee v. Commissioner, supra at 446-447.  Once respondent meets his burden of production, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determinations are incorrect.

   2.    Section 6651(a)(1)

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for 2002.  Section 6651(a)(1) imposes an addition to tax of up to 25 percent of the amount of tax required to be shown on a return for failure to file the return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not willful neglect.  Under Rule 91(f), it was deemed stipulated that petitioner failed to file a Federal income tax return for 2002. Respondent's Certificate of Assessments and Payments also indicates that petitioner failed to file a return.  We find that

respondent has met his burden of production with regard to the addition to tax under section 6651(a)(1).

Petitioner has presented no evidence indicating his failure to file was due to reasonable cause or that respondent's determination is otherwise incorrect. We hold that petitioner is liable for an addition to tax under section 6651(a)(1) of $3,225.

3.    Section 6654(a)

Respondent determined that petitioner is liable for an addition to tax under section 6654(a) of $431 for 2002. Section 6654(a) imposes an addition to tax on an underpayment of estimated tax unless one of the statutory exceptions applies. See sec. 6654(e). Under Rule 91(f), it was deemed stipulated that petitioner failed to file a Federal income tax return for 2002 and did not make estimated tax payments during 2002. Respondent's Certificate of Assessments and Payments also indicates that petitioner failed to file a return and did not make estimated tax payments. We find that none of the statutory exceptions applies and that respondent has met his burden of production.

Petitioner has presented no evidence that respondent's determination is incorrect. We hold that petitioner is liable for an addition to tax under section 6654(a) of $431.

C.    Penalty Under Section 6673(a)(1)

At trial, respondent asked the Court to impose a penalty on petitioner under section 6673(a).  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court the taxpayer's position is frivolous or groundless. Sec. 6673(a)(1)(B).

Petitioner has asserted tax-protester arguments throughout these proceedings, and we have rejected these arguments as frivolous and without merit.  However, it does not appear that petitioner has previously been a litigant in this Court, or that he was warned before trial about the possibility of a penalty under section 6673(a).  For this reason, we decline to impose a penalty under section 6673(a).  However, we strongly admonish petitioner that if he persists in failing to file his tax returns and in pursuing tax-protester arguments, we may not be so favorably inclined in the future.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.