T.C. Memo. 2006-154

UNITED STATES TAX COURT

PATRICK J. MCGOWAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24699-04.                Filed July 27, 2006.

Patrick J. McGowan, pro se.

<u>Michael A. Pesavento,</u> for respondent.


MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent determined deficiencies in income tax and additions to tax pursuant to sections 6651(a)(1) and 6654 for petitioner's taxable years 1997 and 2002 as follows:

| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
|------|-----------|-----------------|-----------|
| 1997 | $1,991 | $497.75 | $106.50 |
| 2002 | 7,666 | 479.50 | N/A |

Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues we must decide are:

1. Whether petitioner received $6,531 in wages from Sprint Management Co. (Sprint) and $13,526 in wages from Janus Service Corp. (Janus) during taxable year 1997.[1]

2. Whether petitioner received $47,074 in wages from Merrill Lynch, Pierce, Fenner, & Smith Inc. (Merrill Lynch) and $2,534 in unemployment compensation from the Colorado Division of Unemployment and Training (unemployment compensation) during taxable year 2002.

3. Whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file tax returns for taxable years 1997 and 2002.

_____

[1]At the conclusion of trial, respondent moved to amend the pleadings to conform to the record in order to assert an addition to tax under sec. 6651(f)(1) for fraudulent failure to file for taxable year 1997 based on petitioner's admission that he claimed nine personal exemptions on his Forms W-4, Employee's Withholding Allowance Certificate. Although petitioner's actions and testimony clearly show that he is a tax protester, the record fails to persuade us by clear and convincing evidence that petitioner's actions were fraudulent. Sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632 (1994). Accordingly, respondent's motion will be denied.

4.    Whether petitioner is liable for an addition to tax under section 6654 for failure to pay estimated income tax for taxable year 1997.

5.    Whether the Court should impose a section 6673 penalty on petitioner.

## Background

At the time of filing the petition in the instant case, petitioner resided in Jacksonville, Florida.  Petitioner has a 15 year history of not filing Federal income tax returns and did not file returns for the years in issue.  Respondent determined that petitioner received $6,531 in wages from Sprint and $13,526 in wages from Janus during taxable year 1997 and $47,074 in wages from Merrill Lynch and $2,534 in unemployment compensation during taxable year 2002.  Accordingly, respondent sent petitioner separate notices of deficiency for each year in issue, and petitioner petitioned this Court.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the burden of proving an error is on the taxpayer.[2]  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Under section 7491(c), the

---

[2]Sec. 7491(a)(1) does not apply in the instant case to shift the burden of proof to respondent because petitioner did not introduce credible evidence or comply with the substantiation and record keeping requirements of sec. 7491(a)(2).

Commissioner's burden of production is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause. Id. at 446-447.

Gross income means income from whatever source derived including compensation for services and unemployment compensation. Sec. 61(a)(1); George v. Commissioner, T.C. Memo. 2006-121. At trial, petitioner's contentions consisted of nothing but frivolous tax protester arguments. Petitioner repeatedly asked what section of the Internal Revenue Code required him to pay tax. Petitioner testified that he worked for Sprint, Janus, and Merrill Lynch, that he earned wages from each of those employers, and that he applied for unemployment compensation. Petitioner further testified: "I'm assuming, in hindsight, that I must have been paid." Petitioner disputed, however, that he ever received income. When respondent asked petitioner how he supported himself, petitioner testified: "I worked for a company that paid me wages that were not part of any income as I know income." Petitioner's argument that there is no Code section requiring him to pay tax has been rejected by every court that has addressed the issue and is the type of frivolous

tax protester argument that wastes the Court's time and resources.

We do not address petitioner's argument with somber reasoning and copious citations of precedent, as to do so might suggest that petitioner's arguments possess some degree of colorable merit. See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we hold that petitioner is liable for the amounts of the deficiencies in his income tax set forth in the notices of deficiency for taxable years 1997 and 2002.

Section 6651(a)(1) imposes an addition to tax for a failure to file an income tax return. A taxpayer may be relieved of the additions to tax, however, if he can demonstrate that the failure is "due to reasonable cause and not to willful neglect". <u>Higbee v. Commissioner</u>, <u>supra</u> at 447. Willful neglect means intentional failure or reckless indifference. <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985). Section 301.6651-1(c)(1), Proced. & Admin. Regs., provides that, if a taxpayer exercises ordinary business care and prudence and is nevertheless unable to file on time, then the delay is due to reasonable cause. Petitioner did not timely file tax returns during the years in issue because he does not believe that there is a Code section requiring him to pay income tax. Misguided interpretations of the Constitution or other typical tax protester arguments are not reasonable cause. See <u>Yoder v. Commissioner</u>, T.C. Memo. 1990-116. Accordingly, we

hold that petitioner is liable for the additions to tax under section 6651(a)(1) for taxable years 1997 and 2002.

Section 6654(a) imposes an addition to tax for failure to pay estimated income tax. Section 6654 applies where prepayments of tax, either through withholdings or by making estimated quarterly payments, do not equal the percentage of total liability required under the statute,[3] unless one of the several statutory exceptions under section 6654(e) applies. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). In his petition, petitioner only raised typical tax protester arguments that he did not owe tax and did not specifically assign error to the section 6654 penalty. Accordingly, petitioner is deemed to have conceded the section 6654 penalty. Rule 34(b); Funk v. Commissioner, 123 T.C. 213, 218 (2004); Swain v. Commissioner, 118 T.C. 358, 365 (2002); We therefore hold that petitioner is liable for the addition to tax under section 6654 for taxable year 1997.

---

[3]Sec. 6654(d) requires quarterly installment payments of 25 percent of the required annual payment. Sec. 6654(d)(1)(A). In cases where no return was filed for the year in issue and the preceding taxable year, the required annual payment is 90 percent of the tax due for the year in issue. Sec. 6654(d)(1)(B)(i), (flush language).

The record in the instant case demonstrates that petitioner failed to make quarterly payments of 90 percent of the tax due for taxable year 1997 and did not file a tax return for taxable year 1996. Accordingly, sec. 6654 applies.

Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court: (a) The proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies. Respondent has moved that the Court impose a penalty in the instant case because petitioner's arguments are frivolous and groundless. Petitioner received several warnings, including one at the beginning of trial, that this Court could impose a penalty if petitioner persisted in raising frivolous arguments. Despite being warned, petitioner nonetheless raised frivolous arguments and wasted the Court's time. Accordingly, we shall impose a penalty on petitioner of $5,000 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.