T.C. Memo. 2009-179

UNITED STATES TAX COURT

LEVI KENNETH HODGES, ET AL.,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 10741-04, 1046-05,   Filed August 4, 2009.
       15189-05.

Levi Kenneth Hodges, pro se.

<u>Edwina L. Jones</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent determined Federal income tax

deficiencies for Levi Kenneth Hodges' or Levi K. Hodges'

---

[1]Cases of the following petitioners are consolidated
herewith for purposes of trial, briefing, and opinion:  Levi
Kenneth Hodges, docket No. 1046-05, and Levi K. Hodges, docket
No. 15189-05.  These cases are collectively referred to herein as
the instant case.

(petitioner's) 2001, 2002, and 2003 taxable years of $51,152.24, $46,790.30, and 40,784.08, respectively. For 2001 respondent determined additions to tax under sections 6651(a)(1) and 6654(a)[2] of $17,136 and $2,024.25, respectively. For 2002 respondent determined additions to tax under sections 6651(a)(1) and 6654(a) of $22,225.39 and $1,563.59, respectively. For 2003, respondent determined additions to tax under sections 6651(a)(1) and 6654(a) of $11,419.54 and $1,052.35, respectively. The issues we must decide are: (1) Whether petitioner received and failed to report taxable income for his 2001, 2002, and 2003 taxable years and (2) whether petitioner is liable for the additions to tax determined by respondent pursuant to sections 6651(a)(1) and 6654(a) for the taxable years in issue.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found as facts in the instant case. At the time of filing the petitions, petitioner resided in South Carolina.

Petitioner did not timely file a Federal income tax return for his 2001, 2002, or 2003 taxable year.

---

[2]All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

During 2001 petitioner received nonemployee compensation of $120,541, interest income of $61, stock sale proceeds of $3,605, and real estate sale proceeds of $30,500. During 2002 petitioner received nonemployee compensation of $116,889, interest income of $31, and real estate sale proceeds of $27,000. During 2003 petitioner received nonemployee compensation of $126,835 and interest income of $1,819.

Respondent determined tax deficiencies and additions to tax for petitioner's 2001, 2002, and 2003 taxable years as follows:[3]

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 2001 | $51,152.24 | $17,136.00 | $2,024.25 |
| 2002 | 46,790.30 | 22,225.39 | 1,563.59 |
| 2003 | 40,784.08 | 11,419.54 | 1,052.35 |

On April 7 and November 2, 2004, and May 5, 2005, respondent sent petitioner notices of deficiency for petitioner's 2001, 2002, and 2003 taxable years, respectively.

On June 23, 2004, and January 18 and August 16, 2005, petitioner filed petitions with this Court for redetermination of the deficiencies for his 2001, 2002, and 2003 taxable years, respectively. In each of those petitions, petitioner stated that he did not have any tax liability, denied the figures and

---

[3]The sec. 6651(a)(1) additions to tax set forth in this opinion are those that respondent determined in the notices of deficiency. The sec. 6651(a)(1) additions to tax set forth in respondent's pretrial memorandum differed from those listed in this opinion. We do not decide which figures are correct but expect the parties to resolve this issue in the computations we will order pursuant to Rule 155.

-4-

contents of the notices of deficiency, disputed the computations, and claimed that for the years in issue he had dependents, deductions, credits, costs of doing business, losses, and depreciation.

In a letter to respondent dated September 18, 2004, petitioner made the frivolous assertion that he did not realize gain on the sale of his labor and thus had no income and was not required to file a Federal income tax return under section 6012.

On July 22, 2005, petitioner submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for his 2002 taxable year and attached what purports to be a corrected Form 1099-MISC, Miscellaneous Income, for 2002. The "corrected" Form 1099-MISC was prepared by petitioner and shows zero nonemployee compensation for 2002. Petitioner's 2002 Form 1040 showed interest income of $31 and no other income for his 2002 taxable year, resulting in no tax allegedly due for 2002.

Petitioner submitted to respondent an affidavit dated August 24, 2005, frivolously asserting, among other things, that respondent had no authority to issue a notice of deficiency for his 2001 taxable year because petitioner had not filed an income tax return. Along with that affidavit petitioner submitted a Form 1040 for his 2001 taxable year and a purportedly "corrected" Form 1099-MISC prepared by petitioner and showing zero nonemployee compensation for 2001. Petitioner's 2001 Form 1040

showed interest income of $62, capital gain of $2,352, a rental loss of $594, and no tax due for 2001.

On October 3, 2005, petitioner sent respondent a letter asserting that petitioner did not have taxable income for his 2003 taxable year and frivolously asserting that respondent did not have the authority to issue a notice of deficiency for his 2003 taxable year because petitioner had not filed an income tax return for that year. Along with that letter, petitioner also sent respondent a Form 1040 for his 2003 taxable year and a "corrected" Form 1099-MISC prepared by petitioner and showing zero nonemployee compensation for 2003. Petitioner's 2003 Form 1040 showed interest income of $25 and no other income for 2003, resulting in no tax due for 2003.

On November 7, 2005, petitioner submitted to respondent another affidavit, frivolously asserting, among other things, that petitioner did not receive any income as that term has been defined by the Supreme Court of the United States and that petitioner had no income tax liability for his 2001, 2002, and 2003 taxable years. Petitioner attached to the affidavit copies of Form 1040 for his 2001, 2002, and 2003 taxable years, dated November 7, 2005, showing no tax due for any of those years.

The instant case was set for trial in Columbia, South Carolina, on January 9, 2006. At that trial petitioner conceded he had received the amounts determined in the notices of

deficiency and agreed to provide receipts for the expenses that he claimed should offset those receipts. On the basis of those representations, this Court continued the instant case to allow to the parties to reach a settlement.

Subsequently, petitioner provided respondent with documentation to support business expenses for his 2001, 2002, and 2003 taxable years and with evidence of his bases in the real estate and stocks sold in those years. Consequently, respondent conceded that petitioner is entitled to deduct business expenses of $72,565.77, $53,541, and $63,669 for his 2001, 2002, and 2003 taxable years, respectively. Additionally, respondent conceded that petitioner incurred a long-term capital loss of $3,179 on the real estate and stock sales in 2001; a long-term capital loss of $27,000 on the sale of real estate in 2002; an ordinary loss of $8,316 on the sale of business property in 2002; and a rental loss of $319 in 2002.

The parties reached a tentative agreement regarding petitioner's tax liabilities for his 2001, 2002, and 2003 taxable years. Petitioner apparently had a change of heart, and, instead of signing the settlement documents, filed a motion to dismiss on July 25, 2006. In that motion, petitioner asserted that this Court lacked jurisdiction over him.

On September 27, 2006, petitioner's motion to dismiss was denied, and this case was again set for trial on March 17, 2008.

At the trial, petitioner did not dispute receiving the amounts shown in the deficiency notices but claimed on the basis of various tax-protester arguments that those amounts were not taxable income.

## Discussion

### Petitioner's Taxable Income for 2001, 2002, and 2003

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, Welch v. Helvering, 290 U.S. 111, 115 (1933), and Rule 142(a) places the burden of proving an error on the taxpayer.  Petitioner conceded at trial that he received the amounts of compensation, interest, and sale proceeds set out in the notices of deficiency for his 2001, 2002, and 2003 taxable years.  In the light of that concession there are no disputed issues of fact in respect of his receipt of those amounts.  Accordingly, the only issue remaining for this Court to decide is the legal question of whether the amounts petitioner received are taxable under the Internal Revenue Code, a question we decide as a matter of law without reference to the presumption of correctness or the burden of proof.

Petitioner argues that the income he received in 2001, 2002, and 2003 was not taxable income within the relevant meaning of the law.  To support his assertion, petitioner offered only tax-protester arguments and corrected Forms 1099-MISC for years 2001, 2002, and 2003 prepared by petitioner himself.  The corrected

Forms 1099-MISC were based on tax-protester arguments, and we do not find them worthy of belief.

Gross income means all income from whatever source derived, including compensation for services, interest, and gains from dealings in property. Sec. 61. Compensation for services rendered constitutes taxable income, and a taxpayer has no basis in his labor. Abrams v. Commissioner, 82 T.C. 403, 407 (1984). The only arguments that petitioner has raised to support his assertion that the payments he received in 2001, 2002, and 2003 were not taxable income within the relevant meaning of the law are frivolous tax-protester arguments. We do not address petitioner's frivolous and groundless arguments with "somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some degree of colorable merit." See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). We conclude that the income respondent seeks to tax is taxable income under the Internal Revenue Code. Accordingly, we uphold respondent's determination of deficiencies in petitioner's income and self-employment tax for his 2001, 2002, and 2003 taxable years subject to recalculation to reflect the deductions and losses respondent conceded.

Additions to Tax

Section 6012 generally requires the filing of an income tax return by all individuals receiving gross income in excess of

certain minimum amounts.  Because petitioner's gross income for the years in issue, as determined by respondent in the notices of deficiency and upheld by this Court above, exceeded the section 6012 minimum amount, petitioner was required to file Federal income tax returns for his 2001, 2002, and 2003 taxable years. Section 6651(a)(1) imposes an addition to tax for failure to file an income tax return by the due date.  A taxpayer may be relieved of the addition, however, if he can demonstrate that the "failure is due to reasonable cause and not due to willful neglect".  Id.

Section 6654(a) imposes an addition to tax for failure to pay estimated income tax.  Section 6654(a) applies where prepayments of tax, through either withholdings or estimated quarterly payments, do not equal the percentage of total liability required under the statute.

Pursuant to section 7491(c), the Commissioner bears the burden of production with respect to the additions to tax under sections 6651(a)(1) and 6654(a).  To meet that burden, the Commissioner must produce sufficient evidence to demonstrate that the addition to tax is appropriate.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, "the Commissioner's obligation under section 7491(c) initially to come forward with evidence that it is appropriate to apply a particular penalty to a taxpayer is conditioned upon the taxpayer's assigning error to the Commissioner's penalty determination."  Wheeler v.

Commissioner, 127 T.C. 200, 206 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). A taxpayer who fails to assign error to a penalty is deemed under Rule 34(b)(4) to have conceded the penalty. Swain v. Commissioner, 118 T.C. 358, 363 (2002).

Petitioner's petition for his 2001 taxable year assigned error as follows:

> I do not have any tax liability. I deny the figures and content of the Notice of Deficiency. I dispute the computations. In the year in question I had dependents, deductions, credits, costs of doing business, losses, depreciation. I have no job and I am not employed. I have no savings, no investments, no I.R.A. or pension plan.

Petitioner's assignments of error in his petitions for his 2002 and 2003 taxable years were substantially the same as those quoted above. We conclude from the foregoing that petitioner did not assign error to respondent's determinations that: (1) Petitioner failed to timely file Federal income tax returns and (2) petitioner failed to make required payments of estimated income tax. Consequently, we conclude that petitioner is deemed to have conceded, pursuant to Rule 34(b)(4), that the penalties respondent determined are appropriate. Accordingly, the additions to tax under sections 6651(a)(1) and 6654(a) for the taxable years in issue are sustained, subject to recalculation to reflect the recalculated deficiencies conceded by respondent.

Section 6673 Penalty

Respondent has moved for a penalty under section 6673(a)(1). Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court that:  (a) The proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; or (c) the taxpayer unreasonably failed to pursue available administrative remedies.  Petitioner was warned by this Court and by respondent that he could be subject to a penalty if he persisted in raising frivolous tax-protester arguments.  Despite being warned, petitioner continued to delay the instant proceedings with frivolous arguments.  Consequently, pursuant to section 6673, we impose on petitioner a penalty of $5,000 for the case at docket No. 10741-04, a penalty of $5,000 for the case at docket No. 1046-05, and a penalty of $5,000 for the case at docket No. 15189-05.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we conclude that they are without merit, irrelevant, or moot.

To reflect the foregoing,

Orders and decisions will
be entered under Rule 155.