T.C. Summary Opinion 2018-39

UNITED STATES TAX COURT

JOSEPH BRIAN WHITEFORD AND GWENN CATHERINE WHITEFORD,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4711-17S.                    Filed August 13, 2018.

Joseph Brian Whiteford and Gwenn Catherine Whiteford, pro sese.

Christian A. Ehehalt, Edward J. Laubach, Jr., and Erin K. Neugebauer, for

respondent.

SUMMARY OPINION

RUWE, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' Federal income tax and accuracy-related penalties as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2013 | $13,297 | $2,659.40 |
| 2014 | 16,570 | 3,314.00 |

The issues for decision are: (1) whether petitioners failed to report "other income" of $27,938 for 2013 and $17,980 for 2014; (2) whether petitioners failed to report additional rental income on Schedule E, Supplemental Income and Loss, of $3,736 for 2014; (3) whether petitioners can substantiate expenses underlying deductions claimed on Schedule C, Profit or Loss From Business, for "other expenses" of $1,977 for 2013, car and truck expenses of $777 for 2013 and $1,843 for 2014, contract labor expenses of $15,499 for 2013 and $10,407 for 2014, interest expenses of $7,067 for 2014, and utilities expenses of $1,654 for 2014; (4) whether petitioners can substantiate for 2014 expenses underlying deductions claimed on a second Schedule C for utilities expenses of $2,890, legal and

---

[1](...continued)
Revenue Code in effect for the years in issue.

professional fees of $90, and car and truck expenses of $8,349; (5) whether petitioners can substantiate expenses underlying deductions claimed on Schedule E for utilities expenses of $916 for 2013 and $115 for 2014, "other expenses" of $5,106 for 2013, and depreciation of $6,316 for 2014; and (6) whether petitioners are liable for the section 6662(a) and (b)(2) accuracy-related penalty for substantial understatements of income tax.

Background

Petitioners filed joint Federal income tax returns for 2013 and 2014 and reported their income and expenses on the cash basis. Petitioners both received income for 2013 and 2014 reported on Forms W-2, Wage and Tax Statement. Additionally, petitioners included two Schedule C businesses on the filed 2013 and 2014 Federal income tax returns. Schedule C1 was related to real estate activities. Schedule C2 was for petitioner husband's Home Care PT business. Petitioners also reported rental property activity on Schedule E for both 2013 and 2014.

Respondent issued a notice of deficiency on November 22, 2016, determining deficiencies of $13,297 for 2013 and $16,570 for 2014 and penalties under section 6662(a) and (b)(2) of $2,659.40 for 2013 and $3,314 for 2014

At trial petitioners presented no documentary evidence to support their position. Petitioners relied solely upon the testimony of petitioner husband, which did not address the substantive issues of the case.

Discussion

Respondent used the bank deposits method to compute additional income of $27,938 and $17,980 for 2013 and 2014, respectively. The Commissioner's "use of the bank deposit[s] method for computing unreported income has long been sanctioned" by this Court when a taxpayer fails to keep adequate books and records. Clayton v. Commissioner, 102 T.C. 632, 645 (1994).[2] "Bank deposits are prima facie evidence of income". Id. (citing Tokarski v. Commissioner, 87 T.C. 74, 77 (1986)). Respondent properly used the bank deposits method by totaling deposits and removing previously reported income and nontaxable deposits. Petitioners offered no testimony or other evidence to contest respondent's computations.

_____

[2]Respondent's determination of income tax deficiencies is presumed correct. Thus, petitioners, not respondent, bear the burden of proving that respondent's determinations of unreported income, computed using the bank deposits method of reconstructing income, are incorrect. See Parks v. Commissioner, 94 T.C. 654, 658 (1990); Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978).
    Additionally, petitioners agree that for 2014 the rental income on Schedule E should have been $8,085.50, which is $3,736 more than reported.

Petitioners deducted Schedule C2 expenses for 2014 but failed to provide any evidence at trial to substantiate the reported expenses. Petitioners deducted Schedule C1 expenses for both 2013 and 2014 which related to rental properties they owned but failed to substantiate any of these expenses. Petitioners failed to provide any supporting evidence to substantiate the reported Schedule E expenses.

The parties were ordered to file posttrial memoranda, but petitioners failed to do so. At trial petitioner husband testified that

> excise and personal duties are all that * * * [is] lawfully taxable in this country. * * * [M]e and my wife are not exercising in federal activity. There's a reason they call them federal taxes. No amendment has ever overturned Article 1, Section 9 of the constitution allowing direct taxes. The 16th amendment, if ratified, only conferred reaffirmation of indirect taxes and cited no new power of taxation under Stanton v. Baltic Mining, therefore direct taxes still remain unconstitutional in this country today.

> *    *    *    *    *    *    *

> I will reference Section 3401 of the Internal Revenue Code. Section A defines what wages are and references employees. Employees are defined under 3401(c). Me and my wife are not officers, employees, or elected officials of the United States. 3401(c) defines unequivocally who an employee is, and it's not us.

We will not painstakingly address petitioner's tax-protester arguments "with somber reasoning and copious citation of precedent; to do so might suggest that

these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984).

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any portion of an underpayment attributable to a substantial understatement of income tax. An understatement of income tax is substantial when it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). The amounts of the deficiencies in the notice of deficiency, which in this case equal the understatements, were $13,297 for 2013 and $16,570 for 2014, both of which exceed $5,000 and 10% of the tax required to be shown on the relevant return.[3]

Under section 7491(c), respondent bears the burden of production with respect to the penalties. Respondent properly documented the required managerial approval under section 6751(b) for the assertion of the penalties under section 6662 against petitioners. The deficiencies determined in the notice of deficiency, which we uphold, are equal to the understatements, which are greater than the

---

[3]Petitioners reported a $4,081 tax liability on their 2013 return but the correct liability to be shown on the return was $17,378. Petitioners reported an $8,519 tax liability on their 2014 return but the correct liability to be shown on the return was $25,089.

threshold under section 6662(d) and thus satisfy respondent's burden of production.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.